Arnold G. Fraiman, J.
Petitioners in this special proceeding seek, in essence, an order directing the Mayor, the Comptroller and the Director of the city’s Department of Personnel to discharge some 30,000 provisional and temporary city employees, whom they claim are illegally on the payroll, and to replace them with civil service employees. Respondents move to dismiss the petition for lack of standing to sue and legal insufficiency, and petitioners cross-move for disclosure as an aid in bringing this proceeding.
Petitioners allege in their petition that they are taxpayers. However, they omit any factual showing to establish their standing to sue in that capacity. Section 51 of the General Municipal Law provides that any taxpayer whose assessment amounts to $1,000 may commence an action to prevent certain illegal acts *610 on the part of city officials. In the absence of any showing that they meet the requirements of section 51, petitioners may not commence a taxpayers’ action under that section (Food Mart Assoc. v. City of New York, 64 Misc 2d 971, affd. 36 A D 2d 693 [1st Dept., 1971]).
Nor do petitioners have standing to institute this proceeding under CPLR article 78, in that they are in no way personally aggrieved by respondents’ alleged acts. (See People ex rel. Lehmaier v. Interurban St. Ry. Co., 177 N. Y. 296 [1904].) An individual may not bring a proceeding to enforce rights which he shares with the public in general, but must allege that he has suffered some personal injury as a result of the acts complained of (Matter of Donohue v. Cornelius, 17 N Y 2d 390 [1966]). Petitioners cannot constitute themselves the protectors of the public. In the absence of personal injury, they lack standing to maintain this action (Matter of United Press Assns. v. Valente, 308 N. Y. 71 [1954]; Schieffelin v. Komfort, 212 N. Y. 520 [1914]).
Finally, even if petitioners had the requisite standing, their petition is insufficient on its face and must be dismissed on that ground. The petition is replete with conclusory allegations which are unsupported by any factual basis. The sole evidence submitted in support of the petition is a series of newspaper articles which appeared in the New York Daily News. These hearsay exhibits may not be used as a substitute for facts. Nor may they provide a basis for the alternative relief sought by petitioners in the form of a. sweeping discovery directive addressed to the Director of Personnel and the Comptroller.
For the foregoing reasons, respondents’ motion is granted, petitioners’ cross motion is denied, and the petition is dismissed.