*877 OPINION OF THE COURT
Edward J. Greenfield, J.
In this CPLR article 78 proceeding, petitioners basically seek to compel respondent Transit Authority to cease employing respondents Garelik, Bouza and Cooper until section 211 of the Retirement and Social Security Law is complied with and to have alleged illegal payments of retirement allowances to these respondents terminated. Respondents cross-move to dismiss the petition on the ground that it fails to state a cause of action and on the ground that petitioners lack standing.
Under the Retirement and Social Security Law, retirees may re-enter public service while drawing a pension under specified conditions. Respondents Garelik and Bouza retired from the New York City Police Department and were subsequently employed by the Transit Authority. Respondent Cooper retired from the Police Départment for ordinary disability in 1972 and was retained by the Transit Authority as a consultant. These three respondents are all receiving retirement allowances from the Police Department Pension Fund, as well as compensation from the Transit Authority.
Although petitioners may feel that re-employment of retired persons without a diminution of their pension benefits is ill-advised, the instant proceeding must fail as a matter of law.
Petitioner William Flynn, is a sergeant in the Transit Authority and a member of the New York City Employees’ Retirement System. Petitioner Edward M. Flynn is retired from the Department of Sanitation and is also a member of the New York City Employees’ Retirement System.
Neither petitioner is a member of the Police Department Pension Fund, a separate retirement system. Petitioners’ contention that the payment of the pensions in issue will jeopardize the ability of the city to carry out its obligations with respect to the payment of petitioners’ pensions is not a sufficient demonstration that petitioners are aggrieved or have been prejudiced by the actions complained of. The Transit Authority, a public benefit corporation, not the city, pays the employer contributions toward petitioner William Flynn’s pension. CPLR article 78 proceedings exist for relief of parties personally aggrieved by governmental action. (Matter of Ahern v Board of Supervisors, 7 AD2d 538.) Mandamus is a remedy for actual, present injury, not for remotely anticipated perils. (Matter of Jaquith v Simon, 35 Misc 2d 508.)
*878 Seeking to establish standing, petitioner William Flynn urges that he pays income tax to New York City and that therefore the action is maintainable as a taxpayer’s action. However, the right to bring a taxpayer’s action is limited to payers of real property taxes. (General Municipal Law, § 51.) Payment of an income tax is not a sufficient basis. (Food Mart Assoc, v City of New York, 64 Mise 2d 971, affd 36 AD2d 693.) In the absence of a facutal showing to establish their standing to sue as taxpayers pursuant to section 51 of the General Municipal Law, petitioners may not bring a taxpayer’s suit. (Matter of Savino v Lindsay, 72 Misc 2d 609.)
Moreover, as to the merits, it appears that Retirement and Social Security Law has been fully complied with, so far as applicable, and under section 211 (subd 1, par [b]) there is no limitation on an approved retired person’s income if he is not re-employed by his "former employer.” The cases cited by petitioners predate the enactment of section 211.
Accordingly, the cross motions to dismiss the petition are granted.