OPINION OF THE COURT
 

 Levine, J.
 

 Petitioners brought this CPLR article 78 proceeding against the Nassau County Board of Assessors challenging the Board’s grant and renewal of a real property tax exemption under RPTL 420-a (for “property [used] exclusively for religious * * * purposes” [subd (1) (a)]), with respect to the land and building owned and occupied by appellant Yun Lin Temple in the Village of Old Westbury. The Temple is a religious corporation organized in California as a religious non-profit public benefit corporation. Its charter recites that it is dedicated to the promulgation, promotion and study of Black Sect Tibetan Tantric Buddhism.
 

 Petitioners are residents of the Village whose homes are either immediately adjacent to or nearby the Temple’s property. Their petition alleges that they have been injured in being subject to higher real property taxes as a result of the wrongfully granted exemption to the Temple property. Petitioners do not contest that the Temple’s exclusive use of the property is, as the Temple asserts, for purely non-profit religious purposes of teaching, meditation and the spiritual development of members of that Buddhist sect. Rather, petitioners assert that the Temple lost its entitlement to the statutory religious use exemption because of non-compliance with the Village’s zoning ordinance (requiring a special permit for use as a house of worship in the residential district where the Temple’s property is located) and, as a foreign religious corporation, for failing to obtain authority to do business in this State under the Business Corporation Law, and to obtain authority to conduct activities in this State pursuant to the Not-For-Profit Corporation Law.
 

 On objections in point of law by the Board and the Temple’s motion to dismiss, Supreme Court dismissed the petition on the grounds that petitioners lacked standing and that entitlement to the religious use exemption under RPTL 420-a was not dependent upon an applicant’s compliance with local zon
 
 *408
 
 ing laws or the requirements of the Business Corporation Law or Not-For-Profit Corporation Law.
 

 The Appellate Division reversed (266 AD2d 286), disagreeing with Supreme Court on both grounds. We granted leave to appeal and now reverse, concluding that petitioners lacked standing to bring this proceeding, and thus reaching no other issue.
 

 Petitioners claim that, as real property owners of Nassau County, they have standing because they are directly harmed financially in a calculable (albeit small) amount by an erroneous grant of a religious use exemption from taxation of the Temple’s property. They point .out that the effect of taking the Temple’s property off the tax rolls is to reduce the total assessed value of all non-exempt properties in the County. They claim injury to the extent that the tax rate applied to the remaining total assessed property in the County (including their own) must be increased to make up for the lost revenue attributable to the removal of the Temple’s property from the tax rolls.
 

 While petitioners may have thus demonstrated that, as County real property owners and taxpayers, they have incurred some possible measurable financial damage from the challenged tax exemption granted the Temple for its single parcel here, that alone cannot be deemed enough to confer standing without entirely overruling
 
 Van Deventer v Long Is. City
 
 (139 NY 133 [1893]). This Court held in
 
 Van Deventer
 
 that a real property taxpayer whose “only complaint * * * is that he was taxed too much, because other property was omitted from the rolls”
 
 (id,.,
 
 at 138) had no legal recourse to complain of an individual real property tax exemption granted with respect to property of another. The
 
 Van Deventer
 
 Court pointed to the serious policy implications if a taxpayer was accorded standing to judicially challenge an individual exemption from real property taxation solely because of its adverse effect on that person’s real property tax liability. First, the Court noted that such a theory of taxpayer standing would extend not only to a challenge to an exclusion of a parcel from the tax rolls, but to “those numerous cases” where properties for one reason or another are under-assessed
 
 (id.,
 
 at 138). The Court recognized that acceptance of the plaintiffs claim of standing would seriously impair the promptness, certainty and finality necessary for the effective enforcement of any system of local real property taxation.
 

 “It is quite apparent that if the plaintiffs conten
 
 *409
 
 tion is well founded very few assessments could stand assaults, and that the collection of revenues for governmental purposes would be very uncertain, and that interminable litigation would attend its collection”
 
 (id.,
 
 at 138).
 

 Time has not diminished the validity or seriousness of the concerns that led this Court in
 
 Van Deventer
 
 to deny taxpayer standing in situations such as presented here.
 

 Our later decision in
 
 Matter of Dudley v Kerwick
 
 (52 NY2d 542) does not mandate automatic taxpayer standing to challenge the grant of the religious use exemption here. In
 
 Dudley,
 
 we remarked that the “gist of the petitions is that they allege a broad perversion of the entire process of granting exemptions, with the resulting deterioration of the tax base and imposition on petitioners of a hugely disproportionate share of municipal expenses”
 
 (id.,
 
 at 550). The petitions in
 
 Dudley
 
 alleged that the town assessor had granted exemptions to 88% of the town’s landowners as officers in a single, purported religious denomination calling itself the Universal Life Church. We concluded in
 
 Dudley
 
 that, “[w]hen an assessor grants exemption from taxation in wholesale fashion indicating that he has arrogated this legislative power [to define the grounds for property tax exemptions] to himself, he cannot cloak himself with protection surrounding individual discretionary decisions, and relief by way of an article 78 proceeding will lie”
 
 (id.,
 
 at 551).
 

 We are not called upon here to determine the scope of derelictions by assessors, which must be in some manner systemic in nature, that would afford taxpayer standing by analogy to the
 
 Matter of Dudley v Kerwick
 
 precedent. Here, petitioners have not alleged anything more than a legally erroneous determination to grant a religious use tax exemption regarding a single parcel of real estate, which concededly would only have an insignificant impact upon the tax base of Nassau County.
 
 Dudley
 
 was never intended to confer general taxpayer standing under these circumstances. Indeed, in affording the limited recognition of the petitioners’ right to sue in
 
 Dudley,
 
 the Court justified conferring standing for the very reason that “petitioners here have alleged
 
 far more than erroneous determinations
 
 regarding
 
 some
 
 of the property in the town”
 
 (id.,
 
 at 551 [emphasis supplied]).
 

 Likewise, petitioners have not satisfied our two-fold test for standing to challenge governmental action — that is, injury in fact, which harm “falls within the ‘zone of interests,’ or
 
 *410
 
 concerns, sought to be promoted or protected by the statutory provision under which the agency has acted”
 
 (Society of Plastics Indus. v County of Suffolk,
 
 77 NY2d 761, 773;
 
 see, Rudder v Pataki,
 
 93 NY2d 273, 280;
 
 Matter of Transactive Corp. v New York State Dept. of Social Servs.,
 
 92 NY2d 579, 587). It is highly dubious as to whether the minuscule even if calculable, adverse real property tax impact on the individual petitioners here, an injury indistinguishable from that incurred by all other Nassau County real property owners, fulfills the first prong of the test for standing, that is, suffering “special damage, different in kind and degree from the community generally”
 
 (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,
 
 69 NY2d 406, 413;
 
 see, Society of Plastics Indus. v County of Suffolk, supra,
 
 77 NY2d, at 775, n 1).
 

 Nor do petitioners satisfy the zone of interest requirement for standing.
 
 Society of Plastics Indus. v County of Suffolk
 
 (supra) is instructive on this issue. In that case, a Suffolk County plastic products maker, and other non-local parties, sought to challenge under the State Environmental Quality Review Act a local law prohibiting the countywide use of plastic products by retail food establishments. In
 
 Society of Plastics Indus.,
 
 we concluded that the local petitioner’s assertion of incurring environmental harm from the local law was “tenuous” (i
 
 d.,
 
 at 777) and no different from the environmental impact upon “the public at large”
 
 (id.,
 
 at 778). As already discussed, petitioners’ asserted injury-in-fact in the instant case suffers from the same shortcomings. In addition, petitioners’ claim is that the Temple violated the Village’s zoning ordinance and failed to seek required authorizations under the Business Corporation Law and Not-For-Profit Corporation Law. Compliance with such totally unrelated local and State legislation is not within the zone of interest of RPTL 420-a, and petitioners do not contest that the Temple otherwise fully qualifies for an exemption under the provision. Petitioners thus lack standing to challenge the Board’s determination.
 

 Petitioners do not qualify for “Common-Law Taxpayer Standing”
 
 (Matter of Transactive Corp., supra,
 
 92 NY2d, at 589). We fashioned a remedy for taxpayers to challenge important governmental actions, despite such parties being otherwise insufficiently interested for standing purposes, when “the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action”
 
 (Boryszewski v Brydges,
 
 37 NY2d 361, 364). That doctrine should not be applied, however, to permit challenges to
 
 *411
 
 the determinations of local governmental officials having no appreciable public significance beyond the immediately affected parties, by persons having only the remotest legitimate interest in the matter. The cogency of this position is reinforced by the fact that the Legislature has seen fit to confer general taxpayer standing to challenge the actions of local governmental officials in only limited situations, none of which would apply here (see, General Municipal Law § 51).
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition dismissed.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley and Rosenblatt concur.
 

 Order reversed, etc.