■ In the Matter of ROBERT F. MEEHAN et al., Respondents, v COUNTY OF WESTCHESTER et al., Appellants. [770 NYS2d 753]—

In a proceeding pursuant to CPLR article 78, inter alia, to set aside a contract to construct a shelter for the homeless, the County of Westchester and Volunteers of America-Greater New York, Inc., separately appeal from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered June 19, 2003, which granted the petition, set aside the contract, and enjoined them from performing any acts in furtherance of the contract on the ground that the County of Westchester failed to comply with certain competitive bidding requirements.

Ordered that the judgment is reversed, on the law, with one bill of costs payable to the County of Westchester, the petition is denied, and the proceeding is dismissed.

The petitioners do not have standing to challenge the validity of the subject contract to construct a shelter for the homeless in the Town of Mount Pleasant. To establish standing in a proceeding pursuant to CPLR article 78, a petitioner must show that he or she will suffer an injury in fact that is distinct from that of the general public (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.,* 92 NY2d 579, 587 [1998]; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774 [1991]). Thus, a private citizen who does not show any special rights or interests in the matter in controversy, other than those common to all taxpayers and citizens, has no standing to sue (*see Kadish v Roosevelt Raceway Assoc.,* 183 AD2d 874 [1992]). In the present case, it cannot be said that the petitioners have a special right or interest in the competitive bidding requirements for public contracts that is different than that of all taxpayers in the County of Westchester.

Contrary to the petitioners' contention, there were no allegations in the petition to support a finding that they stated a claim pursuant to General Municipal Law § 51, which permits a taxpayer to maintain an action against certain government officials to prevent an illegal act or to prevent waste or injury to public property (*see Matter of Schulz v DeSantis,* 218 AD2d 256 [1996]; *Matter of Savino v Lindsay,* 72 Misc 2d 609 [1972]).

In light of our determination, we need not reach the remaining issues. Altman, J.P., Krausman, Crane and Cozier, JJ., concur.