In the Matter of JOSEPH CLARK, Appellant, v TOWN BOARD OF TOWN OF CLARKSTOWN et al., Respondents. [812 NYS2d 643]—

In a proceeding pursuant to CPLR article 78, inter alia, to review an appointment made by the respondent Town Board of the Town of Clarkstown for the position of police chief, the petitioner appeals from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated March 17, 2005, which granted the separate motions of the Town Board of the Town of Clarkstown and Patricia Prendergast as Commissioner of Personnel for the County of Rockland to dismiss the petition for lack of standing, and (2) a judgment of the same court entered April 5, 2005, which, upon the order, dismissed the petition.

Ordered that the appeal from the order is dismissed, without costs or disbursements (*see* CPLR 5701 [a] [2]; [b] [1]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court properly dismissed the proceeding on the ground that the petitioner lacked standing. The petitioner failed to show that "he or she will suffer a harm that is in some way different from that suffered by the public at large and that the alleged injury falls within the zone of interest sought to be promoted or protected by the statute under which the government agency has acted" (*Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown*, 280 AD2d 548, 549 [2001], citing *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-774 [1991]; *Matter of Long Is. Pine Barrens Socy. v Town of Islip*, 261 AD2d 474, 475 [1999]). The petitioner, a retired policeman, was not an applicant for the position of police chief, nor was he eligible to become the police chief. Accordingly, he failed

to show that he sustained any injury in fact as a result of the appointment of a new police chief, or as a result of the procedures used in the appointment.

The petitioner also does not qualify for ''Common-Law Taxpayer Standing'' (*Matter of Transactive Corp. v New York State Dept. of Social Servs.,* 92 NY2d 579, 589 [1998]). First, the petitioner is not challenging the legality of any state or local legislative action (*id.* at 589). Rather, the petition seeks judicial review of the administrative determination resulting in the appointment of the new police chief. Second, and more importantly, no ''impenetrable barrier'' to judicial scrutiny exists (*id.* at 589). Any of the persons who were on the civil service eligibility list or the police officer's union could have brought suit to challenge the appointment by the Town Board of the Town of Clarkstown. Common-law taxpayer standing ''should not be applied . . . to permit challenges to the determinations of local governmental officials having no appreciable public significance beyond the immediately affected parties, by persons having only the remotest legitimate interest in the matter'' (*Matter of Colella v Board of Assessors of County of Nassau,* 95 NY2d 401, 410-411 [2000]).

The petitioner's remaining contentions are without merit. Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.