■ In the Matter of CONCERNED TAXPAYERS OF STONY POINT et al., Appellants, v TOWN OF STONY POINT et al., Respondents.
[813 NYS2d 227]—

In a proceeding pursuant to CPLR article 78, inter alia, to annul certain employment contracts between the Town of Stony Point and its past and present police chiefs, the petitioners appeal from an order of the Supreme Court, Rockland County (Bergerman, J.), dated October 8, 2004, which denied the petition and directed the dismissal of the proceeding.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The petitioners commenced this proceeding pursuant to CPLR article 78, inter alia, to annul certain employment contracts between the Town of Stony Point and its past and present police chiefs, alleging that the contracts provided excessive compensation. In essence, the petitioners contend that the Town of Stony Point and its Town Board violated the New York State Constitution, the Municipal Home Rule Law, and the Open Meetings Law by approving the subject contracts, after a secret executive session, by adopting a resolution rather than by enacting a local law.

The Supreme Court denied the petition and directed the dismissal of the proceeding, inter alia, on the ground that the petitioners did not have standing. Implicit in that ruling is the denial of the petitioners' request to convert this proceeding into a declaratory judgment action. The petitioners have expressly abandoned their initial request to convert this proceeding into a taxpayers' action pursuant to General Municipal Law § 51.

The Supreme Court properly determined that the petitioners did not have standing to maintain this proceeding. To establish standing in a proceeding pursuant to CPLR article 78, a petitioner must show that he or she will suffer an injury in fact that is distinct from that of the general public (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587 [1998]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]). Thus, a private citizen who does not show any special rights or interests in the matter in controversy, other than those common to all taxpayers and citizens, has no standing to sue (*see Matter of Meehan v County of Westchester*, 3 AD3d 533 [2004]; *Kadish v Roosevelt Raceway Assoc.*, 183 AD2d 874 [1992]). In the present case, it cannot be said that the petitioners have a special right or interest in the police chiefs' employment contracts that is different than that of all taxpayers in the Town of Stony Point. Furthermore, this is not a case where the denial of standing to these petitioners will insulate the government's action from judicial review (*see Rudder v Pataki*, 93 NY2d 273, 280 [1999]; *Matter of Transactive Corp. v New York State Dept. of Social Servs., supra* at 589).

Moreover, under the circumstances presented, the Supreme Court properly declined to convert this proceeding to a declaratory judgment action pursuant to CPLR 103 (c).

In light of the foregoing determination, it is not necessary to address the petitioners' remaining contentions. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.