■ MICHAEL DIEDERICH, JR., et al., Appellants, v ROCKLAND COUNTY POLICE CHIEFS' ASSOCIATION, Defendant, and TOWN OF ORANGETOWN et al., Respondents. [823 NYS2d 106]—

In an action, inter alia, for a judgment declaring that certain employment contracts between the municipal defendants and their past and present police chiefs are null and void, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated March 15, 2005, as granted the separate motions of the defendant Town of Orangetown, the defendant Town of Clarkstown, the defendant Town of Ramapo, the defendant Town of Haverstraw, the defendant Village of Haverstraw, and the defendants Village of Grandview and Village of South Nyack, to dismiss the complaint insofar as asserted against them, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the complaint insofar as asserted against the defendant Town of Orangetown, and (2) a judgment of the same court entered April 12, 2005, as, upon the order, dismissed the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiffs commenced this action for a judgment declaring, inter alia, that certain employment contracts between the municipal defendants and their past and present police chiefs are null and void. In essence, the plaintiffs contend that the

governing bodies of four towns and three villages in Rockland County violated the New York State Constitution, the Municipal Home Rule Law, and the Open Meetings Law by negotiating lucrative employment contracts with their police chiefs (and, in the case of certain municipal defendants, other senior police officers) in secret executive sessions and then approving the contracts by adopting resolutions instead of enacting local laws.

The complaint must be dismissed insofar as asserted against the municipal defendants on the ground that the plaintiffs do not have standing to pursue their claims against those defendants (*see Matter of Concerned Taxpayers of Stony Point v Town of Stony Point,* 28 AD3d 657 [2006]). To establish standing in an action against a government body, the plaintiff must show that he or she will suffer an injury in fact that is distinct from that of the general public (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.,* 92 NY2d 579, 587 [1998]; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774 [1991]). Thus, a private citizen who does not show any special rights or interests in the matter in controversy, other than those common to all taxpayers and citizens, has no standing to sue (*see Matter of Meehan v County of Westchester,* 3 AD3d 533 [2004]; *Kadish v Roosevelt Raceway Assoc.,* 183 AD2d 874 [1992]). In the present case, it cannot be said that the plaintiffs have a special right or interest in the subject employment contracts that is different from that of all taxpayers in the seven towns and villages sued herein. Furthermore, this is not a case where the denial of standing to these plaintiffs will insulate the government's action from judicial review (*see Rudder v Pataki,* 93 NY2d 273, 280 [1999]; *Matter of Transactive Corp. v New York State Dept. of Social Servs., supra* at 589).

In light of the foregoing determination, it is not necessary to address the plaintiffs' remaining contentions. Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.