■ In the Matter of MICHAEL SEIDEL et al., Appellants, v PATRICIA PRENDERGAST, Individually and as Commissioner of Personnel of Rockland County, et al., Respondents, and TOWN OF ORANGETOWN et al., Respondents. [928 NYS2d 56]—

The petitioners commenced this CPLR article 78 proceeding in January 2010 to challenge, on various grounds, the appointment, in May 1997, of Kevin Nulty to the position of Chief of Police of the Town of Orangetown. In essence, the petitioners contend that the appointment of Nulty was unlawful because no competitive examination was held before Nulty's appointment. The Supreme Court granted the motion of the respondent Kevin Nulty and the separate motion of the respondents Town of Orangetown, Town Board of the Town of Orangetown, Police Commissioner of the Town of Orangetown, Paul Whalen,

Dennis Troy, Tom Diviny, Nancy Low Hogan, and Michael Maturo pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition, determining, inter alia, that the petitioners lacked standing to bring the proceeding.

In general, persons seeking to challenge governmental actions must demonstrate that they are personally aggrieved by those actions in a manner " 'different in kind and degree from the community generally' " (*Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410 [2000], quoting *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 413 [1987]; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774-775 [1991]). The petitioners made no attempt to demonstrate that they are personally aggrieved by the appointment of Nulty as Chief of Police. Rather, they assert that, as "citizens and taxpayers," they "have standing to challenge unlawful and unconstitutional civil service appointments regardless of whether they are personally aggrieved." We disagree. Although the doctrine of common-law taxpayer standing (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 589 [1998]) would excuse such lack of personal aggrievement, that doctrine requires a petitioner to establish that " 'the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action' " (*Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d at 589, quoting *Boryszewski v Brydges*, 37 NY2d 361, 364 [1975]; *see Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d at 411; *Matter of Clark v Town Bd. of Town of Clarkstown*, 28 AD3d 553, 554 [2006]). Here, the petitioners failed to demonstrate that there was an "impenetrable barrier" to judicial scrutiny of the administrative determination resulting in the appointment of Nulty as Chief of Police (*Matter of Clark v Town Bd. of Town of Clarkstown*, 28 AD3d at 554). Consequently, the Supreme Court properly granted the motions to dismiss the petition on the ground that the petitioners lacked standing.

In light of our determination, we need not reach the petitioners' remaining contentions. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.