■ Daniel J. Fauvell et al., Respondents, v Greg Miglino et al., Appellants. [974 NYS2d 115]—

In an action, inter alia, to recover damages for tortious interference with contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), entered February 16, 2012, as granted the plaintiffs' motion to preliminarily enjoin, inter alia, the defendants Greg Miglino and South Country Central School District from acting in accordance with the terms of certain contracts and denied the defendants' cross motion to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' cross motion to dismiss the complaint is granted, and the plaintiffs' motion for a preliminary injunction is denied as academic.

In their complaint, the plaintiffs alleged, with respect to the causes of action asserted on behalf of the plaintiff Daniel J. Fauvell, inter alia, that certain disciplinary action taken against Fauvell by the defendants South Country Central School District (hereinafter the School District) and the Board of Education of the South Country Central School District (hereinafter the Board of Education) was intended to inflict harm upon Fauvell and to allow the defendant Greg Miglino, then the president of the Board of Education, to be named as the building services administrator of the School District. The plaintiffs also alleged that the defendants tortiously interfered with and conspired to breach the collective bargaining agreement between the School District and Fauvell.

With respect to the causes of action asserted on behalf of the plaintiff Samuel W. DiSibio, as an individual and as a taxpayer, the plaintiffs alleged, inter alia, that Miglino failed to disclose his interest in the building services administrator contract while he was president of the Board of Education prior to being hired as the School District's building services administrator, in violation of General Municipal Law § 800 et seq. The plaintiffs also alleged that Miglino and the School District violated General Business Law § 89-g when the School District allowed members of the South Country Ambulance Company (hereinafter the ambulance company), of which Miglino was the president, to act as security personnel at Bellport High School, a school within the School District. Finally, the plaintiffs alleged that the School District violated Civil Service Law § 50 (2) by failing to issue an announcement of the civil service test for the building services administrator position.

The plaintiffs moved to preliminarily enjoin Miglino, the school district, and the Board of Education from performing under Miglino's employment contract with the School District and the Board of Education, and from performing under a purported contract between the ambulance company and the School District and the Board of Education. The defendants cross-moved to dismiss the complaint on the grounds, inter alia, that Fauvell failed to serve a notice of claim as required by Education Law § 3813 and that DiSibio lacked standing. The Supreme Court, inter alia, granted the plaintiffs' motion for a preliminary injunction and denied the defendants' cross motion to dismiss the complaint.

Pursuant to Education Law § 3813, a plaintiff commencing a tort action against a school district must serve a notice of claim upon the school district. "Service of a notice of claim is a 'condition precedent to bringing an action against a school district or a board of education' " (*Matter of Silvernail v Enlarged City School Dist. of Middletown*, 40 AD3d 1004, 1005 [2007], quoting *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]; *see Hwangbo v Nobles*, 62 AD3d 949, 950 [2009]; *Power Cooling, Inc. v Board of Educ. of City of N.Y.*, 48 AD3d 536, 537 [2008]; *James McCullagh Co., Inc. v South Huntington Union Free School Dist.*, 39 AD3d 480, 481 [2007]).

Here, the plaintiffs acknowledged in their motion papers that they had not served a notice of claim upon the Board of Education. Since the plaintiffs failed to satisfy this condition precedent, the Supreme Court erred in denying that branch of the defendants' cross motion which was to dismiss the second, third, and fourth causes of action, asserted on behalf of Fauvell.

"A taxpayer suit under General Municipal Law § 51 'lies only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes' " (*Godfrey v Spano*, 13 NY3d 358, 373 [2009], quoting *Mesivta of Forest Hills Inst. v City of New York*, 58 NY2d 1014, 1016 [1983]; *see Duffy v Longo*, 207 AD2d 860, 862 [1994]). Further, to establish "common-law taxpayer standing," a plaintiff must demonstrate that he or she is "personally aggrieved by those actions in a manner different in kind and degree from the community generally" and that "the failure to accord [him or her] standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action" (*Matter of Seidel v Prendergast*, 87 AD3d 545, 546 [2011] [internal quotation marks omitted]; *see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587 [1998]; *Diederich v Rockland County Police*

*Chiefs' Assn.*, 33 AD3d 653, 654 [2006]; *Matter of Clark v Town Bd. of Town of Clarkstown*, 28 AD3d 553, 554 [2006]).

Here, although DiSibio alleged that the defendants violated General Municipal Law § 800 *et seq.*, General Business Law § 89-e *et seq.* and Civil Service Law § 50, he did not allege that they committed fraud or wasted public resources in the sense of using public property or funds " 'for entirely illegal purposes' " (*Godfrey v Spano*, 13 NY3d at 373, quoting *Mesivta of Forest Hills Inst. v City of New York*, 58 NY2d at 1016). Likewise, the plaintiffs failed to allege that DiSibio was "personally aggrieved by [the defendants'] actions in a manner different in kind and degree from the community generally" (*Seidel v Prendergast*, 87 AD3d at 546 [internal quotation marks and citations omitted]). The plaintiffs simply alleged that DiSibio and other "similarly situated taxpayers" were damaged financially by the School District's failure to comply with statutory mandates. Accordingly, the Supreme Court erred in denying that branch of the defendants' cross motion which was to dismiss the first, fifth, and sixth causes of action, asserted on behalf of DiSibio.

The defendants' remaining contentions have been rendered academic in light of our determination. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.