■ In the Matter of ESTHER GLASS et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents. [13 NYS3d 480]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Legislature dated September 13, 2012, adopting Introductory Resolution 1695-2012, enacted as Local Law No. 55-2012 of the County of Suffolk, authorizing the County Executive of Suffolk County to execute certain agreements for the sale of vacant land, and action, inter alia, for a judgment declaring that the Introductory Resolution is, among other things, illegal and null and void on the ground that it violates County Law § 215, the New York Constitution (art VIII, § 1), and the New York State Environmental Quality Review Act (ECL art 8), the petitioners/plaintiffs appeal from an order of the Supreme Court, Suffolk County (Martin, J.), dated October 22, 2013, which granted the motion of the respondents/defendants County of Suffolk, Suffolk County Legislature, and County Executive of Suffolk County,

and the separate motion of the respondent/defendant Oakland Transportation, LLC, to dismiss the petition/complaint pursuant to CPLR 3211 (a) and 7804 insofar as asserted against each of them.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted those branches of the separate motions which were pursuant to CPLR 7804 to dismiss so much of the petition/complaint as sought relief pursuant to CPLR article 78 is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with one bill of costs payable to the respondents/defendants appearing separately and filing separate briefs.

The petitioners/plaintiffs (hereinafter the petitioners) are taxpayers who commenced this hybrid CPLR article 78 proceeding and action for a judgment declaring that Introductory Resolution 1695-2012 of the respondent/defendant Suffolk County Legislature (hereinafter the County Legislature), enacting Local Law No. 55-2012, is, inter alia, illegal and null and void. The petitioners alleged that in authorizing the respondent/defendant County Executive of Suffolk County (hereinafter the County Executive) to execute an agreement between the respondent/defendant County of Suffolk (hereinafter the County) and Oakland Transportation, LLC (hereinafter Oakland) for the sale of approximately 230 acres of surplus real property, the Introductory Resolution violated the competitive bidding requirements of County Law § 215 (6) and the Gift or Loan Clause of the New York Constitution (art VIII, § 1), as well as the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]).

The County, the County Legislature, and the County Executive (hereinafter collectively the County respondents) moved to dismiss the petition/complaint pursuant to CPLR 3211 (a) and 7804 insofar as asserted against them. Oakland separately moved to dismiss the petition/complaint pursuant to CPLR 3211 (a) and 7804 insofar as asserted against it. The Supreme Court found that the petitioners lacked standing and granted the separate motions. We affirm.

To establish standing in a proceeding pursuant to CPLR article 78, a petitioner must show that he or she will suffer an injury in fact that is distinct from that of the general public (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587 [1998]). Here, the petitioners have not suffered an injury in fact that is distinct from that of

the general public (*see Matter of Meehan v County of Westchester*, 3 AD3d 533 [2004]).

To have standing to commence an action pursuant to General Municipal Law § 51 based upon their status as taxpayers, the petitioners were required to allege that the challenged act constituted a waste of or injury to public funds or, alternatively, that the challenged act was both illegal and "imperil[ed] the public interests or [was] calculated to work public injury or produce some public mischief" (*Matter of Korn v Gulotta*, 72 NY2d 363, 372 [1988]; *see Long Is. Pine Barrens Socy., Inc. v County of Suffolk*, 122 AD3d 688, 690 [2014]). Here, the petitioners failed to sufficiently set forth such allegations. Although the petitioners alleged that the County failed to comply with the bidding requirements of County Law § 215 (6), that statute does not apply here (*see* County Law § 2 [b]; *Matter of Gallagher v Regan*, 42 NY2d 230, 235 [1977]; *Long Is. Liquid Waste Assn. v Cass*, 115 AD2d 710, 711-712 [1985]).

Under these circumstances, the Supreme Court correctly found that the petitioners lacked standing and properly granted the separate motions of the County respondents and Oakland to dismiss the petition/complaint insofar as asserted against each of them.

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.