■ In the Matter of RICHARD A. BRUMMEL et al., Appellants, v TOWN OF NORTH HEMPSTEAD TOWN BOARD, Also Known as TOWN COUNCIL, et al., Respondents. [43 NYS3d 495]—

In a hybrid proceeding pursuant to CPLR article 78 to review determinations of the Roslyn Water District, the Town of North Hempstead, and the County of Nassau pursuant to the State Environmental Quality Review Act (ECL art 8) regarding the proposed location of an air stripper in Christopher Morley Park, and action for related declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (McCormack, J.), dated

September 19, 2014, which granted the motion of the respondent/defendant County of Nassau pursuant to CPLR 3211 (a) to dismiss the petition and action for lack of standing and, in effect, denied the petition and dismissed the proceeding and action.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents/defendants appearing separately and filing separate briefs.

The respondent/defendant Roslyn Water District (hereinafter the District) is a special improvement district within the respondent/defendant Town of North Hempstead, and serves approximately 18,000 households. After discovering that one of its wells was contaminated with Freon-22, which rendered the water undrinkable, the District shut off the well and explored ways to treat the water. Ultimately, the District decided to use an aerating tower, known as an "air stripper," to filter out the Freon-22 and other contaminants. There was substantial community opposition to placing the air stripper in the residential area near the well, so the District decided to place the air stripper in a wooded area in nearby Christopher Morley Park. The District applied to the Town and the respondent/defendant County of Nassau for funding for the project and for the acquisition of the land.

The petitioners/plaintiffs (hereinafter collectively the petitioners) commenced this hybrid proceeding pursuant to CPLR article 78 to review the respondents/defendants' determinations regarding the air stripper project and procurement of park land and action to have the resolutions for funding and appropriation be declared null and void for failure to comply with the State Environmental Quality Review Act (hereinafter SEQRA).

The petitioners alleged that they frequently use and enjoy Christopher Morley Park, specifically the wooded area and paths within the vicinity of the proposed location for the air stripper. They claimed that the construction of the air stripper would require the removal of numerous well-developed trees and vegetation, thus destroying the natural setting and scenic features of the wooded area. The respondents/defendants submitted opposition to the petition/action, and the County moved pursuant to CPLR 3211 (a) (7) to dismiss the petition/complaint on the ground that the petitioners lacked standing to bring the proceeding/action. The Supreme Court granted the motion and, in effect, denied the petition and dismissed the proceeding and action.

"To establish standing under SEQRA, a petitioner must show

(1) an environmental injury that is in some way different from that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA" (*Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo*, 112 AD3d 726, 727-728 [2013]; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-774 [1991]; *Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d 74, 89-90 [2007]; *Matter of Barrett v Dutchess County Legislature*, 38 AD3d 651, 652 [2007]). "[I]n land-use and environmental cases, 'a person who can prove that he or she uses and enjoys a natural resource more than most other members of the public has standing . . . to challenge government actions that threaten that resource' " (*Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn.*, 113 AD3d 853, 856 [2014], quoting *Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d 297, 301 [2009]).

Here, the petitioners failed to establish that they use and enjoy the portion of the park in the vicinity of the proposed location for the air stripper more than most other members of the public (*see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d at 301; *Matter of Niagara Preserv. Coalition, Inc. v New York Power Auth.*, 121 AD3d 1507, 1510 [2014]). Furthermore, the petitioners' alleged environmentally related injuries are too speculative and conjectural to demonstrate an actual and specific injury-in-fact (*see Matter of Kindred v Monroe County*, 119 AD3d 1347, 1348 [2014]).

The petitioners' remaining contention is without merit.

Accordingly, the Supreme Court properly granted the County's motion to dismiss the proceeding and action. Austin, J.P., Roman, Cohen and Miller, JJ., concur.