Tilcon N.Y., Inc. v Town of New Windsor (2019 NY Slip Op 03646)





Tilcon N.Y., Inc. v Town of New Windsor


2019 NY Slip Op 03646


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-10289
 (Index No. 2965/16)

[*1]Tilcon New York, Inc., appellant,
v
Town of New Windsor, et al., respondents.


Couch White, LLP, Albany, NY (Adam J. Schultz and Alita J. Giuda of counsel), for appellant.
Drake Loeb PLLC, New Windsor, NY (Ralph L. Puglielle, Jr., of counsel), for respondents Town of New Windsor, Town Board of the Town of New Windsor, Town of New Windsor Zoning Board of Appeals, and Jennifer Gallagher.
Young/Sommer LLC, Albany, NY (Kevin M. Young, Allyson M. Phillips, and Joseph F. Castiglione of counsel), for respondent Jointa Lime Company.



DECISION & ORDER
In a hybrid action, inter alia, for declaratory relief, and proceeding pursuant to CPLR article 78, the plaintiff/petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated September 9, 2016. The order and judgment denied the plaintiff/petitioner's motion for a preliminary injunction, granted those branches of the separate motions of the defendants/respondents which were pursuant to CPLR 3211(a) and 7804(f) to dismiss the amended complaint/petition, denied the petition, and dismissed the amended complaint/petition.
ORDERED that the order and judgment is affirmed, with one bill of costs payable to the defendants/respondents appearing separately and filing separate briefs.
In 2013, the Town Board of the Town of New Windsor (hereinafter the Town Board) entered into a lease with Jointa Lime Company (hereinafter Jointa) relating to property owned by the Town of New Windsor. In October 2015, approximately six months prior to the expiration of the lease, an agent of Jointa sent an email to the Town Attorney expressing a desire to continue to rent the premises on a month-to-month basis following expiration of the lease on April 14, 2016. The Town Attorney replied that the town supervisor would accept the month-to-month tenancy, with monthly rent payments based on the pro-rated annual rent, but that the Town reserved the right to terminate Jointa's tenancy on 30 days' notice. Jointa remained in possession of the premises after the expiration of the lease and the Town accepted monthly rent payments.
In May 2016, the plaintiff/petitioner, Tilcon New York, Inc. (hereinafter Tilcon), a business competitor of Jointa, commenced this hybrid action and CPLR article 78 proceeding against the Town of New Windsor, the Town Board, the Town's Zoning Board of Appeals (hereinafter ZBA), and Jennifer Gallagher in her capacity as Building Inspector (hereinafter collectively the Town defendants) and Jointa. Tilcon set forth nine causes of action, alleging, inter alia, that Jointa's [*2]month-to-month holdover tenancy violated Town Law §§ 29(11) and 64(2), General Municipal Law §§ 51 and 103, and the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA).
Tilcon moved to preliminarily enjoin the Town defendants from entering into a new lease with Jointa and prohibiting any new construction on the premises by Jointa. The Town defendants moved to dismiss the complaint/petition in its entirety pursuant to CPLR 3211(a)(3) on the ground that Tilcon lacked standing, and pursuant to CPLR 3211(a)(1), (5), and (7) and 7804(f). Jointa separately moved to dismiss the complaint in its entirety pursuant to CPLR 3211(a)(3) and 7804(f) and to dismiss the sixth cause of action pursuant to CPLR 3211(a)(1) and (2) and 7804(f). The Supreme Court denied Tilcon's motion and granted the motions of the Town defendants and Jointa, and directed dismissal of Tilcon's first six causes of action pursuant to CPLR 3211(a)(1) and (7), and its seventh, eighth, and ninth causes of action pursuant to CPLR 3211(a)(3). Tilcon appeals. We determine that Tilcon lacked standing to assert any of its causes of action, and we therefore affirm the order and judgment appealed from on that basis.
"Standing requirements are not mere pleading requirements but rather an indispensable part of the plaintiff's case' and therefore each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof'" (Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 306, quoting Lujan v Defenders of Wildlife, 504 US 555, 561; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769). Thus, "a court can act only when the rights of the party requesting relief are affected" and that party has "an actual legal stake in the matter being adjudicated" (Society of Plastics Indus. v County of Suffolk, 77 NY2d at 772; see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d at 304-305; New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211).
Generally, to establish standing to challenge governmental action, a party must show that it will "suffer direct harm, injury that is in some way different from that of the public at large" (Society of Plastics Indus. v County of Suffolk, 77 NY2d at 774), and that "the in-fact injury of which it complains . . . falls within the zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" (id. at 773, quoting Lujan v National Wildlife Federation, 497 US 871, 883; see Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 409-410; Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428, 433; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413). "Thus, a private citizen who does not show any special rights or interests in the matter in controversy, other than those common to all taxpayers and citizens, has no standing to sue" (Diederich v Rockland County Police Chiefs' Assn., 33 AD3d 653, 654). Indeed, even the fact that "an issue may be one of vital public concern does not entitle a party to standing" (Society of Plastics Indus. v County of Suffolk, 77 NY2d at 769 [internal quotation marks omitted]).
Tilcon's first, third, and fifth causes of action allege violations of Town Law §§ 29(11) and 64(2), and its fourth cause of action, which alleges ultra vires action, avers that the Town failed to comply with statutory requirements for leasing. However, Tilcon failed to describe any injury to itself, either actual or potential, that has resulted from these alleged violations, much less an injury different from the general injury to the public at large that results from the Town's alleged violation of the procedural requirements for leasing real property (see Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d at 409-410; Society of Plastics Indus. v County of Suffolk, 77 NY2d at 773-774; Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d at 433; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 413). Tilcon's only injury, if any, is increased business competition, which is not an interest that is sufficient to confer standing (see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 415; Matter of Hadland v Zoning Bd. of Appeals of Town of Southampton, 94 AD3d 1001, 1002). With respect to its second cause of action, which alleges violation of the competitive bidding requirements of General Municipal Law § 103, Tilcon has not identified any injury, other than increased business competition, that it will suffer as a result of the Town's alleged violation of competitive bidding rules, which, in any case, are generally inapplicable to leases of public property (see Matter of Citiwide News v New York City Tr. Auth., [*3]62 NY2d 464, 470; Matter of B.C.I. Indus. Catering v Town of Huntington, 250 AD2d 675, 676).
Tilcon's seventh cause of action alleged that the May 2, 2016, determination by the ZBA of an application by Jointa was arbitrary and capricious. However, Tilcon was not a party to those proceedings, and the ZBA's determination is not adverse to Tilcon. As to both the ZBA's determination and the Town Board's alleged issuance of permits (the eighth cause of action), Tilcon has failed to demonstrate that it has suffered an injury-in-fact distinct from the public at large (see Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d at 409-410; Society of Plastics Indus. v County of Suffolk, 77 NY2d at 773-774; Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d at 433; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 413).
Tilcon did not establish standing as to its ninth cause of action, which alleges violations of SEQRA, because "a generalized interest' in the environment [does] not confer standing to challenge environmental injury" (Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d at 305, quoting Sierra Club v Morton, 405 US 727, 734; see Matter of Shapiro v Torres, 153 AD3d 835, 836). In addition to the requirement of demonstrating an injury-in-fact distinct from the public at large which falls within SEQRA's zone of interest (see Matter of Brummel v Town of N. Hempstead Town Bd., 145 AD3d 880, 881-882), a party seeking to raise a SEQRA challenge " must demonstrate that it will suffer an injury that is environmental and not solely economic in nature'" (Matter of Shapiro v Torres, 153 AD3d at 836, quoting Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d at 433). Again, Tilcon failed to demonstrate that it has standing because it failed to identify any environmental injury it has suffered or will suffer which differs from the alleged injury to the public at large.
Tilcon's sixth cause of action is premised on General Municipal Law § 51, which authorizes taxpayer suits to prevent waste, collusion, fraud, or other illegal acts. To have standing to commence an action pursuant to General Municipal Law § 51, Tilcon was required to allege that the challenged act constituted a waste of or injury to public funds or, alternatively, that the challenged act was both illegal and "imperil[ed] the public interests or [was] calculated to work public injury or produce some public mischief" (Matter of Korn v Gulotta, 72 NY2d 363, 372; see Matter of Glass v County of Suffolk, 130 AD3d 726, 727-728). "A taxpayer suit under General Municipal Law § 51 lies only when the [governmental] acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes'" (Godfrey v Spano, 13 NY3d 358, 373, quoting Mesivta of Forest Hills Inst. v City of New York, 58 NY2d 1014, 1016; see Klubenspies v Town of Clarkstown, 115 AD3d 817, 818; Fauvell v Miglino, 111 AD3d at 597). The Town's alleged failure to observe the statutes and rules involved in this case "does not constitute the fraud or illegality necessary to support a taxpayer action pursuant to section 51" (Mesivta of Forest Hills Inst. v City of New York, 58 NY2d at 1016).
Contrary to Tilcon's contention, it also failed to establish common-law taxpayer standing. Common-law taxpayer standing exists as "a remedy for taxpayers to challenge important governmental actions, despite such parties being otherwise insufficiently interested for standing purposes, when the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action'" (Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d at 410, quoting Boryszewski v Brydges, 37 NY2d 361, 364; see Fauvell v Miglino, 111 AD3d 596, 597; Diederich v Rockland County Police Chiefs' Assn., 33 AD3d at 654). Here, Tilcon failed to demonstrate that the Town's actions were of "appreciable public significance beyond the immediately affected parties" or that the failure to afford it standing would insulate the Town's actions from review (Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d at 410-411).
In light of the foregoing, we need not reach the remaining contentions of the Town defendants and Jointa. Tilcon's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court