Matter of Aklog v Town of Harrison (2023 NY Slip Op 04203)

Matter of Aklog v Town of Harrison

2023 NY Slip Op 04203

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-09130
 (Index No. 57216/20)

[*1]In the Matter of Lishan Aklog, appellant,
v
Town of Harrison, et al., respondents.

Tabner, Ryan & Keniry, LLP, Albany, NY (Brian M. Quinn of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Garden City, NY (Richard S. Finkel of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated November 4, 2020. The order and judgment granted the respondents/defendants' motion pursuant to CPLR 7804(f) and CPLR 3211(a)(3) to dismiss the petition/complaint on the ground that the petitioner/plaintiff lacks standing.
ORDERED that the order and judgment is affirmed, with costs.
Since 2012, the respondent Anthony Robinson has been the Commissioner of Public Works in the Town of Harrison. At a January 2, 2020, meeting, concerns were raised regarding the propriety of Robinson's residency outside of the Town, and the Town Board of the Town of Harrison (hereinafter the Town Board) voted not to reappoint Robinson to the position of Commissioner of Public Works (Resolution 2020-002-21B), and to appoint another individual as Acting Commissioner of Public Works (Resolution 2020-002-21C). Neither resolution was ever effectuated as the Town Board was advised by counsel that Robinson could not be summarily removed from his position. Robinson continued to serve as Commissioner of Public Works for the Town.
The petitioner/plaintiff commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief seeking, inter alia, to direct Robinson, the Town, and the Town Board to comply with Resolution 2020-002-21B and Resolution 2020-002-21C. The respondents/defendants moved to dismiss the petition/complaint for lack of standing. The Supreme Court granted the motion and dismissed the proceeding/action. The petitioner/plaintiff appeals.
The petitioner/plaintiff failed to meet his burden of establishing that he has standing to bring this proceeding (see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 306; Tilcon N.Y., Inc. v Town of New Windsor, 172 AD3d 942). Citizen taxpayers have standing to "challenge important governmental actions" when the failure to accord standing would "erect an impenetrable barrier to any judicial scrutiny of legislative action" (Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 410-411 [internal quotation marks omitted]). Here, however, the petitioner/plaintiff is not seeking review of any legislative action that could form the basis for common-law taxpayer standing (see Matter of Transactive Corp. [*2]v New York State Dept. of Social Servs., 92 NY2d 579; Matter of Barrett Paving Materials, Inc. v New York State Thruway Auth., 184 AD3d 1173). The appointment or reappointment of the Commissioner of Public Works is the result of an administrative, not legislative, determination (see Matter of Dagaev v Village of Highland Falls, N.Y., 171 AD3d 920; Matter of Clark v Town Bd. of Town of Clarkstown, 28 AD3d 553).
The petitioner/plaintiff furthermore failed to show that denying him common-law taxpayer standing would insulate the Town's actions from judicial scrutiny (see Silver v Pataki, 96 NY2d 532, 539; Matter of Seidel v Prendergast, 87 AD3d 545; Matter of Clark v Town Bd. of Town of Clarkstown, 28 AD3d at 554). Indeed, other actions by the Town could trigger specific harm giving rise to standing, and the Town Board has the power to enforce the subject resolutions or bring the residency question to a vote (see Rudder v Pataki, 93 NY2d 273, 280; Matter of Concerned Taxpayers of Stony Point v Town of Stony Point, 28 AD3d 657).
The petitioner/plaintiff also failed to establish that he has standing to bring this action pursuant to General Municipal Law § 51, as he failed to allege fraud, waste, or use of public funds or property for entirely illegal purposes (see Godfrey v Spano, 13 NY3d 358, 373; Klubenspies v Town of Clarkstown, 115 AD3d 817). The mere failure to observe statutory provisions, such as the residency requirements of Public Officers Law § 3 and Town Law § 23, do not constitute an illegality that imperils the public interests, in the sense of using public property for entirely illegal purposes, that could sustain an action pursuant to General Municipal Law § 51 (see Tilcon N.Y., Inc. v Town of New Windsor, 172 AD3d at 946; Fauvell v Miglino, 111 AD3d 596).
The petitioner/plaintiff's remaining contentions are not properly before this Court.
BARROS, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court