Matter of Kopald v Town of Highlands (2025 NY Slip Op 05085)

Matter of Kopald v Town of Highlands

2025 NY Slip Op 05085

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2021-01543
 (Index No. 4088/20)

[*1]In the Matter of Deborah Kopald, appellant,
v
Town of Highlands, etc., et al., respondents-respondents, et al., respondent.

Deborah Kopald, Fort Montgomery, NY, appellant pro se.
Rider, Weiner & Frankel, P.C., New Windsor, NY (Michael J. Matsler of counsel), for respondent Town of Highlands, New York.
Lori A. Alesio, White Plains, NY (Eileen P. Flynn of counsel), for respondent New York Power Authority.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to annul (1) a contract between the Town of Highlands and the New York Power Authority dated September 24, 2019, (2) a resolution of the Town Board of the Town of Highlands dated April 27, 2020, authorizing the Town of Highlands to purchase existing street light facilities from Orange and Rockland Utilities, Inc., and (3) a contract between the Town of Highlands and Orange and Rockland Utilities, Inc., dated June 15, 2020, pursuant to the State Environmental Quality Review Act (ECL art 8), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated January 22, 2021. The order and judgment, insofar as appealed from, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
On September 24, 2019, the Town of Highlands entered into a contract with the New York Power Authority (hereinafter NYPA) to upgrade the Town's approximately 167 existing street light facilities with energy-efficient light-emitting diode fixtures. Thereafter, in a resolution dated April 27, 2020, the Town Board of the Town of Highlands authorized the Town "to purchase plus or minus 168 street lighting facilities" from Orange and Rockland Utilities, Inc. (hereinafter O & R), and thereafter, the Town entered into a contract with O & R dated June 15, 2020, for the purchase of those street light facilities.
In July 2020, the petitioner commenced this proceeding pursuant to CPLR article 78 proceeding against the Town, NYPA, and O & R, inter alia, to annul the Town's resolution dated April 27, 2020, and the Town's respective contracts with NYPA and O & R, alleging that the Town failed to comply with the State Environmental Quality Review Act (SEQRA) (ECL art 8). The Town and NYPA separately answered and asserted, among other things, that the petitioner lacked standing to pursue the claims in the petition. In an order and judgment dated January 22, 2021, the [*2]Supreme Court, inter alia, denied the petition and dismissed the proceeding. The petitioner appeals.
"To establish standing under SEQRA, a petitioner must show (1) an environmental injury that is in some way different from that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA" (Matter of Brummel v Town of N. Hempstead Town Bd., 145 AD3d 880, 881-882 [internal quotation marks omitted]; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-774; Matter of McCrory v Village of Mamaroneck Bd. of Trustees, 230 AD3d 786, 788). "In land-use and environmental cases, a person who can prove that he or she uses and enjoys a natural resource more than most other members of the public has standing . . . to challenge government actions that threaten that resource" (Matter of Brummel v Town of N. Hempstead Town Bd., 145 AD3d at 882 [alteration and internal quotation marks omitted]).
The burden of establishing standing to challenge an agency's action is placed "on the party seeking review" (Society of Plastics Indus. v County of Suffolk, 77 NY2d at 769). "Plaintiffs must not only allege, but if the issue is disputed must prove, that their injury is real and different from the injury most members of the public face" (Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 306). "Standing requirements 'are not mere pleading requirements but rather an indispensable part of the plaintiff's case' and therefore 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof'" (id., quoting Lujan v Defenders of Wildlife, 504 US 555, 561).
Here, the petitioner, having failed to submit proof of any threat of cognizable injury that she would suffer different in kind or degree from the public at large, lacked standing to maintain this SEQRA challenge. The petitioner's allegations that the light is bright and that she is "in the habit of walking at night," in and of itself, are insufficient to confer standing (see id.), as any adverse effects would be no different for the petitioner than for the general public (see Tilcon N.Y., Inc. v Town of New Windsor, 172 AD3d 942, 943-944). While the petitioner alleges that she has electromagnetic sensitivity, she did not provide any proof of that sensitivity to confer standing (see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d at 306). Furthermore, the petitioner's alleged environmentally-related injuries are too speculative and conjectural to demonstrate an actual and specific injury-in-fact (see Matter of Brummel v Town of N. Hempstead Town Bd., 145 AD3d at 880-882; Matter of Kindred v Monroe County, 119 AD3d 1347, 1348).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
In light of our determination, we need not reach the petitioner's remaining contentions.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court