Bergan, J.
The problem presented by this case is whether the proposal to construct the Hartford Pavilion, a cafe and restaurant in the southeast corner of Central Park, is legally within the power of the City of New York.
The proposal is based on an offer by the Huntington Hartford Family Fund, Inc., to donate to the city $862,500 and any additional sum that may be necessary to construct the pavilion.
The acceptance of the gift has been approved by all the appropriate city officers, by Robert Moses, former Commissioner of Parks, who, while in that office, received the Hartford offer in 1960; by the present Commissioner of Parks, Newbold Morris, and by the Board of Estimate of the city; and the design and location have been approved by the city’s Art Commission.
To succeed in this taxpayers ’ action instituted by plaintiffs in pursuance of section 51 of the General Municipal Law to enjoin the construction of the project, it is needful that they establish what their complaint alleges to be the theory of the action — that the use of a portion of the park for this purpose and in this manner is unlawful. The rule is settled (Stahl Soap Corp. v. City of New York, 5 N Y 2d 200; Kashel v. Impellitteri, 306 *225 N. Y. 73, cert. den. 347 U. S. 934; Kittinger v. Buffalo Traction Co., 160 N. Y. 377; Altschul v. Ludwig, 216 N. Y. 459).
Judicial interference with local municipal decisions by public officers in a situation of this kind is justified only when “ a total lacle of power ” is shown, as this court observed in Kaskel (supra, p. 79).
At the trial plaintiffs did not establish the illegality of the project. The Park Commissioner is vested by law with broad powers for the maintenance and improvement of the city’s parks (New York City Charter, § 532). Among other things he is given the power to control and manage such property ‘ ‘ for the improvement ’ ’ of the park, or for the ‘ ‘ establishment ’ ’ of “playgrounds and other recreational properties”.
What plaintiffs did establish on the trial was a difference of opinion among some experts in park management and a divergence of view among others interested in a proper and appropriate utilization of Central Park about how the proposed pavilion would harmonize with the dominant purposes of this noted public recreational facility.
Some of plaintiffs’ witnesses were of opinion the proposed Hartford Pavilion would be quite inappropriate to Central Park, but other witnesses of stature and experience in the field, notably both Mr. Moses and Commissioner Morris, who were called by plaintiffs, expressed the view the installation of the pavilion was quite consistent with proper park management and would be a desirable improvement in the park’s facilities. The court at Special Term on this state of the record granted judgment for the defendants and the Appellate Division affirmed.
If restaurants and cafes were never put in public parks it might reasonably be suggested that a Park Commissioner who approved such a facility was neither improving the park nor servicing a lawful recreational purpose. But the proof is very clear that there are, and for many years have been, restaurant and related facilities in public parks, including Central Park, and they are commonly regarded as appropriate (see, e.g., the discussion in Blank v. Browne, 217 App. Div. 624 [1926]).
Thus the case comes down to the choice of location and type of facility. Here what plaintiffs show is a dispute with public authorities about what is desirable for the park. This mere difference of opinion is not a demonstration of illegality. *226 Without showing the type and location of the restaurant to be unlawful, plaintiffs ought not to succeed in preventing public officers from exercising their best judgment in an area within their proper legal authority.
The proof demonstrates adequate power in the Park Commissioner and the Board of Estimate to accept or reject this restaurant proposal. If that power in the appropriate city officers exists, and we, could entertain no doubt on this record that it does exist, the court’s inquiry upon the complaint of a citizen who differs with the city reaches the end of its course.
Thus it is not necessary to consider the further argument of the city, which indeed seems reasonable enough, that on the basis of the testimony of some of the witnesses called by the plaintiffs the pavilion, which would provide access on both the 59th Street sidewalk level and, directly, on a lower level, from the park itself to a well-designed building with greatly improved landscaping, harmonious with park surroundings and offering an attractive view of a lake, trees and shrubbery, would replace a neglected and misused area of the park, most of which is on a steep slope, barren of grass and containing unsightly ventilators from the subway system.
The order should be affirmed, without costs.
Chief Judge Desmond and Judges Dye, Burke and Scileppi concur with Judge Bergan; Judges Fold and Van Voorhts dissent and vote to reverse the order appealed from and to direct judgment for the plaintiffs on the ground that the proposed restaurant — having in mind its location and purpose — would neither be “ancillary” to Central Park nor serve a proper park purpose and that, accordingly, the defendants lack the power to do the acts complained of.
Order affirmed.