SFX ENTERTAINMENT, INC., et al., Respondents, v CITY OF NEW YORK et al., Appellants. [747 NYS2d 91]

We disagree with Supreme Court's determination that the award violated the public trust doctrine (*see Friends of Van Cortlandt Park v City of New York*, 95 NY2d 623) on the grounds that it was for a nonpark use and constituted an improper alienation of parkland without State legislative approval pursuant to New York City Charter § 383, since the proposed amphitheater is a permissible park use (*see 795 Fifth Ave. Corp. v City of New York*, 40 Misc 2d 183, 189-190, *affd* 20 AD2d 850, *affd* 15 NY2d 221) and the concession agreement was in fact a revocable license terminable at will, rather than a lease (*see Miller v City of New York*, 15 NY2d 34, 38). However, we find the award was properly annulled solely on the ground that the concession agreement was not "consistent"

with the proposal (*see* Rules of City of NY Franchise & Concession Review Comm [12 RCNY] § 1-12 [w] [1]). Although an agency's application of the regulations it administers is ordinarily entitled to judicial deference, particularly where, as here, the open-ended language of the regulation suggests that it was intended that the agency have broad leeway in exercising its judgment, the agreement in this case was inconsistent with the proposal by any standard since, under the final version of the project, the magnitude of the facility had doubled and the proposed preservation of recreational lawn area, which was apparently also contemplated in the City solicitation, was totally eliminated. Under the circumstances, it was appropriate to reopen the process to seek proposals from entities that might have otherwise responded to the City's solicitation had it initially reflected the type of project ultimately awarded. Concur—Wallach, J.P., Lerner, Rubin, Friedman and Gonzalez, JJ.