Appeal from an amended judgment (denominated amended order) of Supreme Court, Monroe County (Sirkiri, J.), entered March 28, 2003, which dismissed the CPLR article 78 petition.
It is hereby ordered that said amended judgment be and the same hereby is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking to invalidate the action of respondent County of Monroe (County) and its licensee, respondent LeBeau, Inc., doing business as Beau Productions, Inc. (LeBeau), in charging members of the general public a per-vehicle admission fee to drive through a section of Northampton County Park and view a seasonal light display erected by LeBeau. Supreme Court properly dismissed the petition. Contrary to petitioner’s contention, the imposition of a fee to drive past the light show does not violate County Law § 221, which in pertinent part provides that “county parks shall be kept and maintained for the free use of the public, subject to such regulations as the [county legislature] may impose.” The record establishes that the fee is charged only to occupants of vehicles who seek to drive past the light show, which lasts only a few hours per evening approximately eight weeks per year. Even during that eight-week period, the park remains completely open and accessible during daylight hours to all members of the public, in or out of vehicles, without charge. Moreover, even during the evening hours when the light show is presented, almost all of the park remains open to vehicular traffic without impediment or charge. Further, there is free pedestrian access throughout the park at all times, even to the light show itself. We thus conclude that neither petitioner nor anyone else has been deprived of the “free use” of the park (§ 221).
In any event, the County’s action in granting to LeBeau the right to operate the light show in the County park and to charge *977 an admission fee to defray LeBeau’s up-front investment and operating expenses is permissible under the statute. The use in question tends to promote popular enjoyment of and recreation in the park and thus does not deviate from the public purposes for which the park was established (see generally 795 Fifth Ave. Corp. v City of New York, 15 NY2d 221, 225-226 [1965]; Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Planning Commn. of City of N.Y., 259 AD2d 26, 36 [1999]; Davis v City of New York, 50 Misc 2d 275, 279-280 [1966]; cf. Williams v Gallatin, 229 NY 248, 253-254 [1920]; Johnson v Town of Brookhaven, 230 AD2d 774, 774-775 [1996]; Matter of Central Parkway, 140 Misc 727, 729 [1931]). Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.