In the Matter of ROBERT B. BERNSTEIN, Appellant, v PAUL J. FEINER et al., Respondents. [787 NYS2d 357]—

In a proceeding pursuant to CPLR article 78, inter alia, to enjoin the respondents, Paul J. Feiner, as Town Supervisor of the Town of Greenburgh, and the Town of Greenburgh, from acquiring any portion of the property known as Taxter Ridge, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Molea, J.), entered November 12, 2003, which granted the respondents' motion to dismiss the proceeding on the ground of lack of standing, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting those branches of the

motion which were to dismiss the first, third, and fourth causes of action and substituting therefore a provision denying those branches of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements, and the first, third, and fourth causes of action are reinstated and severed.

On May 14, 2003, the Town Board of the Town of Greenburgh approved a resolution expressing the Town's intention and commitment to proceed, along with the State of New York and the County of Westchester, with the acquisition of undeveloped parkland property known as Taxter Ridge for a total price exceeding $10,000,000. At the time of the purchase, each entity would possess a one-third ownership interest in the property. Taxter Ridge is a 200-acre tract of property located in the Town. Approximately 183 acres are located in the unincorporated area of East Irvington and approximately 17 acres are located in the Incorporated Village of Tarrytown. According to the resolution, the acquired property would "not be limited in its use by persons based upon residency status." It is undisputed that the Town was seeking to finance the cost of acquiring and maintaining Taxter Ridge by imposing a tax solely upon the property owners in the unincorporated areas.

The petitioner resides in the unincorporated area and commenced this CPLR article 78 proceeding seeking, inter alia, (1) a declaration that it would be a violation of Town Law §§ 220 and 232 for the Town to impose a tax solely on the unincorporated area residents to finance the costs of acquiring Taxter Ridge, (2) a permanent injunction enjoining the Town from using its funds to purchase any portion of Taxter Ridge, unless it collects funds from the entire Town, (3) to compel an accounting of all expenses incurred by the Town for the acquisition and operation of parkland, (4) to compel an accounting of the so-called "Greenways Fund," a fund created in 1997 for the purchase of undeveloped property for parkland, and (5) damages for tax payments made by property owners in the unincorporated areas to cover the purchases for Hart's Brook Preserve in 1999 and Glenville Woods in 2001.

The Supreme Court concluded that the petitioner did not have standing and dismissed the proceeding. We find that the petitioner has standing and conclude that the first, third, and fourth causes of action should be reinstated.

A party seeking to challenge a governmental or administrative action must show an injury-in-fact distinct from that of the general public which falls within the "zone of interest" that the relevant statute seeks to promote or protect (*Silver v Pataki,* 96 NY2d 532, 539 [2001]; *Matter of Colella v Board of Assessors of*

*County of Nassau,* 95 NY2d 401, 409-410 [2000]; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 773-774 [1991]; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433 [1990]). Unlike other plaintiffs, citizen taxpayers are not required to establish an injury-in-fact to acquire standing (*see Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801, 813 [2003], *cert denied* 540 US 1017 [2003]). Here, the petitioner is within the "zone of interest" Town Law § 220 (4) and § 232 seek to protect. The statutes specifically mandate that the payment of all public improvements, such as parkland, be imposed upon *all* the taxpayers of a town. Further, his injury, as an unincorporated area taxpayer, constitutes a substantial adverse financial burden to that group which differs from that suffered by the public at large (*see Matter of Town of Islip v Long Is. Power Auth.,* 301 AD2d 1, 9 [2002]; *cf. Matter of Colella v Board of Assessors of County of Nassau, supra; Society of Plastics Indus. v County of Suffolk, supra*).

Likewise, the petitioner qualifies for standing based upon his status as a taxpayer pursuant to General Municipal Law § 51. However, he has failed to allege the requisite fraud, collusion, or bad faith on the part of the Town necessary to maintain a section 51 cause of action, and has failed to show how the Town's proposed acquisition " 'imperil[s] the public interests or [is] calculated to work public injury or produce some public mischief' " (*Matter of Korn v Gulotta,* 72 NY2d 363, 372 [1988]) with regard to the use of public property or funds (*see* General Municipal Law § 51).

Although a CPLR article 78 proceeding may not be utilized to review legislative action (*see Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 407 [1969]), it can be used to challenge the imposition of taxes as a statutory violation (*see Matter of Town of Islip v Long Is. Power Auth., supra*). Therefore, the petitioner's first cause of action seeking a declaration that it would be a violation of the Town Law for the Town to impose a tax only upon the unincorporated areas should be reinstated.

Contrary to the Town's contention that the third and fourth causes of action were properly dismissed because mandamus will lie only to compel the performance of a ministerial act, we find that mandamus is an appropriate remedy to determine whether the Town should be compelled to perform the accounting the plaintiff seeks under those causes of action (*see e.g. Matter of Korn v Gulotta, supra* at 370 [Nassau County Executive directed to submit a new county budget]).

The petitioner's fifth cause of action is barred by the four-

month statute of limitations which governs CPLR article 78 proceedings (*see* CPLR 217).

The petitioner's second cause of action seeking an injunction is academic as the Town purchased the subject property on March 5, 2004. Santucci, J.P., Adams, Cozier and Rivera, JJ., concur.