MARGARET GODFREY et al., Appellants, v ANDREW J. SPANO et al., Respondents. NEW YORK STATE COMPTROLLER, Intervenor-Respondent. [871 NYS2d 296]—

On June 6, 2006 the defendant Andrew J. Spano, the Westchester County Executive (hereinafter the County Executive), issued Westchester County Executive Order No. 3 of 2006 (hereinafter the Executive Order), which directed all departments, boards, agencies, and commissions of Westchester County under the County Executive's jurisdiction "to recognize same sex marriages lawfully entered into outside the State of New York in the same manner as they currently recognize opposite sex marriages for the purposes of extending and administering all rights and benefits belonging to these couples, to the maximum extent allowed by law." The plaintiffs assert that the order is an invalid exercise of the County Executive's authority, alleging in their first cause of action, pursuant to General Municipal Law § 51, that the order illegally legislates in the areas of marriage and domestic relations in a manner inconsistent with the New York State Constitution and State law, and alleging in their second cause of action that the order violates article IX, § 2 (c) of the New York State Constitution and Municipal Home Rule Law § 10 (1) (i). The Supreme Court, inter alia, granted the County Executive's cross motion pursuant to CPLR 3211 (a) (7) and declared that the Executive Order is a valid exercise of the County Executive's power, is not an illegal act, and does not violate the State Constitution or the Municipal Home Rule Law. We affirm the order and judgment insofar as appealed from.

In support of their first cause of action, the plaintiffs rely upon *Hernandez v Robles* (7 NY3d 338 [2006]), arguing that a same-sex marriage cannot be recognized in New York, even when validly entered into elsewhere, because it does not constitute a marriage within the contemplation of New York law. The defendants argue that such recognition is entirely consistent with New York's marriage recognition rule under *Matter of May* (305 NY 486, 490 [1953]) (*see Martinez v County of Monroe*, 50 AD3d 189 [2008]).

Although "an action pursuant to General Municipal Law § 51 may take the form of action for a declaratory judgment" (*Matter of Korn v Gulotta*, 72 NY2d 363, 371 [1988]), where, as here, there is no allegation of waste of or injury to public funds, such relief is available only if the challenged act is illegal and " 'is such as to imperil the public interests or calculated to work public injury or produce some public mischief' " (*id.* at 372, quoting *Altschul v Ludwig*, 216 NY 459, 467 [1916]; *see Western N.Y. Water Co. v City of Buffalo*, 242 NY 202, 206-207 [1926]). The Executive Order at issue here requires that same-sex marriages be recognized to "the maximum extent allowed by law." By its terms, therefore, the Executive Order can never require

recognition of such a marriage where it would be outside the law to do so. Since it is within the authority of the County Executive "[t]o see that the laws of the state, pertaining to the affairs and government of the county . . . are executed and enforced within the county" (Laws of Westchester County § 110.11 [6]), the Executive Order is not illegal. The amended complaint, therefore, does not state a cause of action pursuant to General Municipal Law § 51.

In order to proceed on their second cause of action, the plaintiffs are required to demonstrate some personal interest in the dispute beyond that of any taxpayer (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 589 [1998]; *Matter of Clark v Town Bd. of Town of Clarkstown*, 28 AD3d 553 [2006]). They have not done so.

Accordingly, the Supreme Court properly granted the cross motion and declared that the Executive Order is a valid exercise of the County Executive's power, is not an illegal act, and does not violate the State Constitution or the Municipal Home Rule Law (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *lv dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *563 Grand Med., P.C. v New York State Ins. Dept.*, 24 AD3d 413, 414 [2005]). Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur. [*See* 15 Misc 3d 809.]