In a taxpayers’ action pursuant to General Municipal Law § 51 and to recover damages for civil rights violations pursuant to 42 USC § 1983, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Jamieson, J.), entered January 23, 2012, as granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action of the amended complaint.
Ordered that the appeal by the plaintiff Michael Araneo is dismissed; and it is further,
Ordered that the order is affirmed insofar as appealed from by the plaintiff Marilyn Klubenspies; and it is further,
Ordered that one bill of costs is awarded to the respondents.
The appeal by the plaintiff Michael Araneo must be dismissed since he is not aggrieved by the portion of the order appealed from (see CPLR 5511). The portion of the order appealed from granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action of the amended complaint, which alleged violations of General Municipal Law § 51, and that cause of action was asserted only on behalf of the plaintiff Marilyn Klubenspies and not on behalf of Araneo (see CPLR 5511).
The Supreme Court properly granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action of the amended complaint. The alleged conduct which formed the basis of this cause of action pursuant to General Municipal Law § 51 related to certain hiring practices and employment policies of the defendant Town of *818 Clarkstown and the defendant Town Supervisor Alexander J. Gromack. The amended complaint did not allege how those defendants’ hiring practices and employment policies “are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes” (Godfrey v Spano, 13 NY3d 358, 373 [2009] [internal quotation marks omitted]; see Matter of Bernstein v Feiner, 13 AD3d 519, 521 [2004]; Matter of Schulz v Town of Kingsbury, 229 AD2d 707 [1996]). Accordingly, the Supreme Court properly concluded that the first cause of action of the amended complaint failed to state a cause of action (see Korn v Gulotta, 72 NY2d 363, 372 [1988]; Matter of La Barbera v Town of Woodstock, 29 AD3d 1054, 1056-1057 [2006]; Matter of Bernstein v Feiner, 13 AD3d at 521; Lavin v Klein, 12 AD3d 244, 244-245 [2004]).
The main brief submitted on behalf of the plaintiffs on appeal did not raise an issue regarding so much of the order as, in effect, denied that branch of their cross motion which was for leave to serve a second amended complaint. This issue was raised for the first time in the reply brief. Thus, the plaintiffs abandoned whatever argument they may have had with respect to that portion of the order (see Shaw v Bluepers Family Billiards, 94 AD3d 858, 860 [2012]). Moreover, contrary to Klubenspies’ contention, the Supreme Court did not grant that branch of the defendants’ motion which was for summary judgment dismissing the amended complaint.
The defendants’ remaining contentions are not properly before this Court.
Mastro, J.P., Rivera, Lott and Cohen, JJ., concur.