■ LONG ISLAND PINE BARRENS SOCIETY, INC., et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents. [996 NYS2d 162]—

In an action, inter alia, for a judgment declaring that Resolution 625-2011 of the County Legislature of the County of Suffolk, enacted as Local Law No. 44-2011 of the County of Suffolk, is illegal, null, and void on the ground that it was adopted in the absence of approval pursuant to a public referendum in accordance with the Suffolk County Charter, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Farneti, J.), dated July 19, 2012, which denied their motion for summary judgment declaring that Resolution 625-2011 of the County Legislature of the County of Suffolk, enacted as Local Law No. 44-2011 of the County of Suffolk, is illegal, null, and void, and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint on the ground that the plaintiffs lacked standing.

Ordered that the order is reversed, on the law, with costs, that branch of the defendants' cross motion which was for summary judgment dismissing the complaint on the ground that the plaintiffs lacked standing is denied, the plaintiffs' motion for summary judgment declaring that Resolution 625-2011 of the County Legislature of the County of Suffolk, enacted as Local Law No. 44-2011 of the County of Suffolk, is illegal, null, and void is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that Resolution 625-2011 of the County Legislature of the County of Suffolk, enacted as Local Law No. 44-2011 of the County of Suffolk, is illegal, null, and void.

In 1987, Suffolk County amended the Suffolk County Charter to add the current article XII, known popularly as the Suffolk County Drinking Water Protection Program (hereinafter the DWPP). The overall goal of the DWPP is to protect the County's drinking water supply and land in the Long Island Pine Barrens region of the County, which contains a significant drinking water aquifer. The various provisions of the DWPP are designed to permanently protect Pine Barrens acreage in the deep water

recharge area of the County, to support water quality protection programs, and to provide for a rational program of county tax stabilization (see Local Law No. 40-1987 of County of Suffolk). Suffolk County enacted the DWPP by an affirmative public referendum (see Local Law No. 40-1987 of County of Suffolk §§ 3, 6).

The DWPP, codified as article XII of the Suffolk County Charter, was subsequently amended, and its term extended, on several occasions. Each amendment until 2011 was approved by an affirmative public referendum. Significantly, a 1993 amendment to the Suffolk County Charter included a provision in the DWPP requiring that, from 1993 forward, the DWPP was only to be amended or repealed after approval by a public referendum (see Local Law No. 26-1993 of County of Suffolk). Specifically, the 1993 amendment provided that "[a]fter approval by the electorate, this law, as well as any other law converted into a mandatory referendum pursuant to § 34 (4) of the New York Municipal Home Rule Law, by a vote of the County Legislature, may only be amended, modified, repealed, or altered by enactment of an appropriate Charter law subject to mandatory referendum in accordance with prevailing law" (Local Law No. 26-1993 of the County of Suffolk). This same provision appeared in each of the subsequent amendments to the DWPP (see Local Law No. 35-1999 of County of Suffolk; Local Law No. 24-2007 of County of Suffolk), until a 2011 amendment to the DWPP omitted the clause (see Resolution 625-2011 of the County Legislature of the County of Suffolk, enacted as Local Law No. 44-2011 of County of Suffolk).

The 2011 amendment (hereinafter the Amendment), which is challenged by the plaintiffs here, was adopted by the County Legislature, and signed by the County Executive, but was never submitted to the electorate for a referendum. Significantly, the Amendment authorized certain funds that had previously been dedicated for purposes set forth in the DWPP to be used instead to retire bonded indebtedness or for a retirement contribution reserve fund unrelated to the protection of the Pine Barrens or the drinking water supply in the County. Thus, the Amendment redirected dedicated DWPP funds to general budgetary purposes.

The plaintiffs commenced this action against the County, the County Legislature, and the County Executive seeking, inter alia, a judgment declaring that the Amendment—including any allocation of funds arising out of the application of the formula set forth therein—is illegal, null, and void. They alleged that the County violated the Suffolk County Charter by enacting the Amendment without approval pursuant to a public referendum.

After the defendants filed their answer, the plaintiffs moved for summary judgment, arguing that the Suffolk County Charter expressly prohibits the County Legislature and the County Executive from amending the DWPP without a public referendum and, thus, that the Amendment is illegal, null, and void. The defendants opposed the plaintiffs' motion, and cross-moved for summary judgment dismissing the complaint or, in the alternative, declaring that the amendment constituted a valid exercise of local legislative authority. They argued that the plaintiffs lacked standing to maintain the action, and that, in any event, the Supreme Court was obligated to deny the plaintiffs' summary judgment motion on the ground that the plaintiffs failed to attach copies of the pleadings to the motion. As to the merits, the defendants argued that the provision in the Suffolk County Charter requiring a public referendum to amend the DWPP is inconsistent with State law and, thus, the County Legislature had the authority to enact the challenged amendment without submitting it to a public referendum.

The Supreme Court denied the plaintiffs' motion for summary judgment on the ground that they failed to submit copies of the pleadings with their moving papers, and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint for lack of standing. The plaintiffs appeal.

The Supreme Court erred in granting that branch of the defendants' cross motion which was for summary judgment dismissing the complaint on the ground that the plaintiffs lacked standing. An action commenced by natural persons pursuant to General Municipal Law § 51 "may take the form of [an] action for a declaratory judgment" (*Matter of Korn v Gulotta*, 72 NY2d 363, 371 [1988]; *see Godfrey v Spano*, 57 AD3d 941, 942 [2008], *affd* 13 NY3d 358 [2009]). To have standing based upon their status as taxpayers, the individual plaintiffs were required to allege that the challenged act constituted a waste of or injury to public funds or, alternatively, that the challenged act was both illegal and "imperil[ed] the public interests or [was] calculated to work public injury or produce some public mischief" (*Matter of Korn v Gulotta*, 72 NY2d at 372; *see Godfrey v Spano*, 57 AD3d at 942). Here, the plaintiffs alleged, in detail, that the defendants violated the Suffolk County Charter by enacting the Amendment in the absence of approval pursuant to a public referendum, and that this enactment threatened public funds expressly dedicated to protecting the drinking water supply in the County and lands in the Pine Barrens. Under the circumstances presented here, we conclude that the

plaintiffs adequately alleged that the enactment of the challenged amendment without a public referendum is illegal insofar as it violates the Suffolk County Charter, and that this enactment imperiled the public interest or was calculated to work public injury or produce some public mischief (*see Matter of Korn v Gulotta*, 72 NY2d at 372; *cf. Mesivta of Forest Hills Inst. v City of New York*, 58 NY2d 1014, 1016 [1983]; *Godfrey v Spano*, 57 AD3d at 942-943; *Matter of Bernstein v Feiner*, 13 AD3d 519, 521 [2004]). Thus, the individual plaintiffs had standing to maintain this action as taxpayers of the County (*see Matter of Korn v Gulotta*, 72 NY2d at 372). Further, the defendants failed to demonstrate that the organizational plaintiffs lacked standing in their representative capacities to maintain this action on behalf of their respective members (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]; *cf. Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn.*, 113 AD3d 853, 856 [2014]).

Although the Supreme Court denied the plaintiffs' motion for summary judgment on the ground that they failed to submit a copy of the pleadings with their motion papers, we nonetheless exercise our discretion to reach the merits. Notwithstanding that CPLR 3212 (b) requires that motions for summary judgment be supported by a copy of the pleadings, CPLR 2001 permits a court, at any stage of an action, to "disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced" (*Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d 611, 612 [2012]; *see* CPLR 2001; *U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 910 [2013]). Although the plaintiffs failed to include a copy of the pleadings with their motion for summary judgment, the defendants submitted a copy of the pleadings in connection with their opposition and cross motion for summary judgment. Under the particular circumstances presented here, we find that the record is sufficiently complete, and there is no proof that a substantial right of the defendants was impaired by the plaintiffs' failure to submit copies of the pleadings (*see U.S. Bank N.A. v Eaddy*, 109 AD3d at 910; *Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d at 612; *Welch v Hauck*, 18 AD3d 1096, 1098 [2005]; *cf. Washington Realty Owners, LLC v 260 Wash. St., LLC*, 105 AD3d 675, 675 [2013]). Accordingly, we will address the merits of the parties' contentions.

There is no dispute that the provision of the Suffolk County

Charter that requires approval by a public referendum in order to amend or repeal the DWPP curtails the power of an elective officer, since it binds future County legislatures, and prohibits future County legislatures from amending or repealing the DWPP solely by means of a local law or ordinance. That provision was, in fact, only adopted after approval by the public pursuant to a public referendum. Contrary to the defendants' contention, however, this Charter provision is not inconsistent with article IX of the New York Constitution, which provides, in pertinent part, that in a charter county like the County of Suffolk, any local law that curtails the power of an elective officer shall be subject to a "permissive" referendum (NY Const, art IX, § 1 [h] [2]; *see Morin v Foster*, 45 NY2d 287, 291 [1978]). Nor is the relevant provision of the Suffolk County Charter inconsistent with Municipal Home Rule Law § 34 (4), which sets forth a scheme for "permissive" referenda that applies to certain types of local laws, including those that curtail the power of an elective officer. These provisions of the New York Constitution and the Municipal Home Rule Law do not prevent Suffolk County from adopting a charter provision like the one at issue here, which requires approval by a public referendum in order to amend or repeal the DWPP in the future (*see* Municipal Home Rule Law §§ 11 [2] [a]; 34 [4]; *Matter of Caruso v City of New York*, 136 Misc 2d 892, 896 [1987], *affd* 143 AD2d 601 [1988], *affd* 74 NY2d 854 [1989]; *cf. Morin v Foster*, 45 NY2d at 291 n, 294). Although the relevant charter provision requires a public referendum that is denominated as a "mandatory" referendum, that public referendum is not mandated by State law (*cf.* Municipal Home Rule Law § 23). Rather, the relevant charter provision constitutes the County's mode of granting permission to the electorate to approve or disapprove, by means of a public referendum, proposed changes to the DWPP. Hence, the public referendum countenanced by the Suffolk County Charter can properly be characterized as a "permissive" referendum within the meaning of the New York Constitution and the Municipal Home Rule Law (*cf. Morin v Foster*, 45 NY2d at 294).

The plaintiffs established their prima facie entitlement to judgment as a matter of law, and the defendants failed to raise a triable issue of fact in opposition to that showing. Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment declaring that Resolution 625-2011 of the County Legislature of the County of Suffolk, enacted as Local Law No. 44-2011 of the County of Suffolk, is illegal, null, and void on the ground that it was adopted in the absence of approval pursuant to a public referendum in accordance with the Suffolk County Charter.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring, inter alia, that Resolution 625-2011 of the County Legislature of the County of Suffolk, enacted as Local Law No. 44-2011 of the County of Suffolk, is illegal, null, and void on the ground that it was adopted in the absence of approval pursuant to a public referendum in accordance with the Suffolk County Charter (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.