Long Is. Pine Barrens Socy., Inc. v Suffolk County Legislature (2018 NY Slip Op 01598)





Long Is. Pine Barrens Socy., Inc. v Suffolk County Legislature


2018 NY Slip Op 01598


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-11973
2017-01033
 (Index No. 37937/10)

[*1]Long Island Pine Barrens Society, Inc., et al., respondents, 
v
Suffolk County Legislature, et al., appellants, et al., defendant.


Dennis M. Brown, County Attorney, Hauppauge, NY (Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP [Lisa Clare Kombrink], of counsel), for appellants.
Gordon & Juengst, P.C., Shoreham, NY (Jennifer A. Juengst of counsel), for respondents.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Kevin McGown of counsel), for amici curiae Peconic Land Trust, Incorporated, Long Island Farm Bureau, Inc., Farm Credit East, ACA, New York League of Conservation Voters, Cornell Cooperative Extension of Suffolk County, American Farmland Trust, and Long Island Wine Council, Inc.



DECISION & ORDER
Appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated September 28, 2016, and a judgment of that court dated December 9, 2016. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were for summary judgment on the third through eighth causes of action, each of which sought a declaratory judgment, and denied those branches of the cross motion of the defendants Suffolk County Legislature and Suffolk County Farmland Committee which were for summary judgment with respect to those causes of action. The judgment declared that Local Law Nos. 52-2010 and 44-2013 of the County of Suffolk are illegal, null, and void, and permanently enjoined the defendants Suffolk County and Suffolk County Farmland Committee from issuing permits and hardship exemptions pursuant to those local laws, and from taking any other future action pursuant to those local laws.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is reversed, on the law, those branches of the plaintiffs' motion which were for summary judgment on the third through eighth causes of action are denied, those branches of the cross motion of the defendants Suffolk County Legislature and Suffolk County Farmland Committee which were for summary judgment with respect to those causes of action are granted, the permanent injunction against those defendants is vacated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an amended judgment declaring that Local Law Nos. 52-2010 and 44-2013 of the County of Suffolk [*2]are not illegal, null, and void, and do not violate the General Municipal Law or the public trust doctrine, and that a referendum was not required for the enactment of those local laws; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
In 1974, the Suffolk County Legislature (hereinafter the County Legislature) passed a local law establishing a program by which Suffolk County (hereinafter the County) could purchase the development rights in agricultural lands. Since the inception of this program, there have been several amendments to the law, including Local Law Nos. 52-2010 and 44-2013 of the County of Suffolk. Among other things, Local Law Nos. 52-2010 and 44-2013 set forth procedures by which the Suffolk County Farmland Committee (hereinafter the Committee) could grant permits for structures, farm stands, processing facilities, and special events on land in which the County has purchased development rights. These laws also set forth lot coverage limits for land in which the County has purchased development rights and a hardship exemption from those limits.
The plaintiffs, a not-for-profit environmental organization, the Executive Director of that organization, and two taxpayers, commenced this action for a judgment declaring Local Law Nos. 52-2010 and 44-2013 to be illegal, null, and void, and for a permanent injunction prohibiting the County from using taxpayer money to acquire development rights unless the County Legislature adopted laws to protect such development rights. The plaintiffs alleged, inter alia, that Local Law Nos. 52-2010 and 44-2013 violated the General Municipal Law (third and fourth causes of action), the public trust doctrine (fifth and sixth causes of action), and the requirement that a referendum be held to approve any alienation of development rights (seventh and eighth causes of action). The plaintiffs moved for summary judgment on the amended complaint. In response, the County Legislature and the Committee (hereinafter together the County defendants) cross-moved for summary judgment. In an order dated September 28, 2016, the Supreme Court granted those branches of the County defendants' cross motion which were for summary judgment with respect to the first, second, ninth, and tenth causes of action and, in effect, denied those branches of the plaintiffs' motion which were for summary judgment on those causes of action. The court granted those branches of the plaintiffs' motion which were for summary judgment on the third through eighth causes of action, and denied those branches of the County defendants' cross motion which were for summary judgment with respect to those causes of action. In a judgment dated December 9, 2016, the court declared that Local Law Nos. 52-2010 and 44-2013 are illegal, null, and void, and permanently enjoined the County defendants from issuing permits and hardship exemptions pursuant to those local laws, and from undertaking any other future action pursuant to those local laws. The County defendants appeal from the order and from the judgment.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The Supreme Court correctly determined that the public trust doctrine applied to the property interest at issue, namely, development rights in agricultural land, as the plaintiffs demonstrated prima facie that the County acquired these development rights for public use and not in its "corporate capacity" (Kenny v Board of Trustees of Inc. Vil. of Garden City, 289 AD2d 534, 534 [internal quotation marks omitted]). In response, the County defendants failed to raise a triable issue of fact as to the capacity in which the County purchased the development rights.
Contrary to the Supreme Court's determination, however, the County defendants demonstrated, prima facie, that the contested provisions in Local Law Nos. 52-2010 and 44-2013, namely, those concerning commercial horse boarding and equine operations, agricultural development permits for structures and alternative energy systems, maximum lot coverages and the hardship exemption thereto, agricultural tourism, special use permits to conduct a site disturbance or a special event, agricultural processing facilities, hay rides, and agricultural educational tours, did not waste public property or violate the public trust doctrine (see Agriculture and Markets Law § 301[4]; Friends of Van Cortlandt Park v City of New York, 95 NY2d 623, 630; 795 Fifth Ave. Corp. [*3]v City of New York, 15 NY2d 221, 225-226; Saska v Metropolitan Museum of Art, 53 Misc 3d 1212[A], 2016 NY Slip Op 51628[U], *8 [Sup Ct, NY County]). Permitting land to be used for commercial horse boarding and equine operations, "U-pick" operations, crop mazes, hay rides, agricultural educational activities, the regulated processing of agricultural products, and the provision of agricultural permits for structures and alternative energy systems, and special use permits for site disturbances do not amount to a transfer of the County's development rights, as these land uses all constitute or are sufficiently related to agricultural production. "U-pick" operations, crop mazes, and hay rides on land used for agricultural production are consistent with Agriculture and Markets Law § 301(4)(c), which allows agricultural amusements, "includ[ing], but not limited to, so-called corn mazes' or hay bale mazes.'" Similarly, the lot coverage limits and hardship exemption thereto did not transfer development rights from the County, as the land continued to be used for agricultural production. In response, the plaintiffs failed to raise a triable issue of fact. Accordingly, General Municipal Law § 51 and the public trust doctrine provided no basis to declare these provisions of Local Law Nos. 52-2010 and 44-2013 to be illegal, null, or void.
Our dissenting colleague takes issue with the majority to the extent that, in her view, the public trust is alienated by the provisions of Local Law No. 44-2013 allowing for processing facilities and the marketing of processed products. However, processing was restricted under this law to "on-premises and locally-grown agricultural products," with the indigenous agricultural products comprising at least "51% of the input used." Furthermore, restrictions were placed on permitted facilities. Such limited activities, in our view, are reasonably related to and consistent with land used for agricultural production. As a simple example of what the law allows, locally-picked apples may be baked into apple pies and locally sold. Clearly, this activity does not constitute a "substantial intrusion" into the public's right to restrict the use of the land (Friends of Van Cortlandt Park v City of New York, 95 NY2d at 630).
Accordingly, the Supreme Court should have denied those branches of the plaintiffs' motion which were for summary judgment on the third, fourth, fifth, and sixth causes of action, and granted those branches of the County defendants' cross motion which were for summary judgment with respect to those causes of action. Moreover, the court should have denied those branches of the plaintiffs' motion which were for summary judgment on the seventh and eighth causes of action, and granted those branches of the County defendants' cross motion which were for summary judgment with respect to those causes of action. Those causes of action were specifically based on the requirement in Chapter 8 of the Code of Suffolk County that the County hold a referendum before alienating development rights. Absent an alienation of development rights, there is no basis to direct a public referendum regarding the provisions of Local Law Nos. 52-2010 and 44-2013.
We note that under the challenged laws, the Committee continues to perform its gatekeeping function of, inter alia, reviewing permit applications for structures, farm stands, facilities, and special events, and granting or denying permits where appropriate in the exercise of its best judgment, experience, and discretion. To ensure compliance with the public trust, in the event a permit applicant or other aggrieved party wishes to challenge a determination of the Committee, that party may pursue remedies available pursuant to CPLR article 78 on a case-by-case basis.
The plaintiffs' remaining argument improperly relies on matter dehors the record and, in any event, has no bearing on the legality of Local Law Nos. 52-2010 and 44-2013. The remaining argument raised by the amici curiae is without merit.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of an amended judgment, inter alia, declaring that Suffolk County Local Law Nos. 52-2010 and 44-2013 of the County of Suffolk are not illegal, null, and void, and do not violate the General Municipal Law or the public trust doctrine, and that a referendum was not required for the enactment of those local laws (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., MILLER and BARROS, JJ., concur.
CHRISTOPHER, J., concurs in part and dissents in part, and votes to modify the judgment appealed [*4]from, on the law, (1) by deleting the provisions thereof declaring that Local Law Nos. 52-2010 and 44-2013 are illegal, null, and void with respect to commercial horse boarding and equine operations, agricultural development permits for structures and alternative energy systems, maximum lot coverages and the hardship exemption thereto, special use permits for site disturbances, "U-pick" operations, and crop mazes, and substituting therefor a provision declaring that those portions of those local laws are not illegal, null, and void, and (2) by deleting the provisions thereof permanently enjoining the defendants Suffolk County and Suffolk County Farmland Committee from issuing permits and hardship exemptions pursuant to those portions of those local laws, and from taking any other future action pursuant to those sections of those local laws, and as so modified, to affirm the judgment insofar as appealed from and to vacate the permanent injunction with respect to those portions of those local laws, with the following memorandum:
I respectfully disagree with my colleagues to the extent that I would find that the Supreme Court correctly determined that the plaintiffs demonstrated prima facie that the provisions in Local Law No. 44-2013 of the County of Suffolk regarding processing facilities and the provisions in Local Law Nos. 52-2010 and 44-2013 regarding farm stands constituted a waste of public funds (see General Municipal Law § 51; Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 122 AD3d 688, 690) and violated the public trust doctrine (see Friends of Van Cortlandt Park v City of New York, 95 NY2d 623, 630). Development rights were defined by the County Legislature at the time these laws were enacted as the right to restrict the use of the land to agricultural production. Processing facilities and retail merchandising do not constitute agricultural production (see Agriculture and Markets Law § 301[4]), and it was therefore a waste of taxpayer money to allow such structures and activities on land in which the County has purchased development rights (see Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 122 AD3d at 690). Moreover, because processing and retail merchandising categorically are not agricultural production, allowing such structures and activities on these lands violated the public trust doctrine (see Friends of Van Cortlandt Park v County of Suffolk, 95 NY2d at 630; Saska v Metropolitan Museum of Art, 53 Misc 3d 1212[A], 2016 NY Slip Op 51628[U], *8 [Sup Ct, NY County]). In response to this prima facie showing, the County defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly declared that these provisions of the local laws are illegal, null, and void.
I further disagree with respect to the seventh and eighth causes of action based on the requirement in Chapter 8 of the Code of Suffolk County that the County hold a referendum before alienating development rights, with alienation defined as the transfer of development rights from the County to another. The plaintiffs demonstrated prima facie that the provisions in Local Law No. 44-2013 allowing processing facilities, hay rides, and agricultural educational tours, and the provisions in both Local Law Nos. 52-2010 and 44-2013 allowing farm stands and special use permits for special events, constituted an alienation of publicly purchased development rights. Allowing these structures and activities, which do not constitute agricultural production, on land in which the County has purchased development rights amounts to a transfer of development rights from the County to the landowner or tenant. In response to this prima facie showing by the plaintiffs, the County defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly declared that those provisions of the local laws are illegal, null, and void.
In sum, the Supreme Court correctly declared illegal, null, and void the provisions in Local Law Nos. 52-2010 and 44-2013 regarding farm stands and special use permits for special events, and the provisions in Local Law No. 44-2013 regarding processing facilities, hay rides, and agricultural educational tours. Moreover, the Supreme Court correctly enjoined the County defendants from taking action with regard to these provisions.
ENTER:
Aprilanne Agostino
Clerk of the Court