Patel v S. & S. Props., Inc. (2018 NY Slip Op 06757)





Patel v S. & S. Props., Inc.


2018 NY Slip Op 06757


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-03022
 (Index No. 4043/16)

[*1]Chunilal Patel, appellant, 
v
S. & S. Properties, Inc., respondent.


Levinson, Reineke & Kimple, P.C., Central Valley, NY (Stephen L. Reineke of counsel), for appellant.
Edward J. Carroll, Kingston, NY, for respondent.



DECISION & ORDER
In an action for specific performance of a real estate contract, the plaintiff appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated January 25, 2017. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and to cancel the plaintiff's notice of pendency.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 25, 2016, the parties executed a written memorandum in which the plaintiff agreed to purchase, and the defendant agreed to sell, certain real property for a purchase price of $625,000. Upon execution of the memorandum, the plaintiff tendered the sum of $25,000 as the first installment of a down payment of $125, 000, and was required to tender the balance of $100,000 by the week of May 9, 2016. The plaintiff failed to tender the balance at that time. A contract of sale for the property was nevertheless drafted and executed by the defendant, which required the plaintiff to tender the balance of the down payment upon the signing of the contract. The plaintiff signed the contract and paid an additional $5,000, but never tendered the full amount of the down payment.
After learning that the defendant would no longer sell the subject property to him, the plaintiff commenced this action for specific performance and filed a notice of pendency on or about June 21, 2016. On June 23, 2016, the defendant notified the plaintiff in writing that it had terminated the contract, because, inter alia, the plaintiff failed to tender the down payment in full. Subsequently, the defendant joined issue and asserted counterclaims. The defendant then moved, among other things, for summary judgment dismissing the complaint and to cancel the notice of pendency. The Supreme Court granted those branches of the defendant's motion.
Contrary to the plaintiff's contention, the Supreme Court did not err in considering the merits of the defendant's motion even though the defendant failed to include with its motion papers the plaintiff's reply to the counterclaims (see CPLR 2001; Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 122 AD3d 688, 691; Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello, 97 AD3d 611, 612). The record was sufficiently complete, since the plaintiff included the pleading with his opposition, and there is no proof that a substantial right of the plaintiff's was impaired by the defendant's failure to submit the reply with its motion papers (see Long Is. Pine [*2]Barrens Socy., Inc. v County of Suffolk, 122 AD3d at 691; Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello, 97 AD3d at 612).
The defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint. " Before specific performance of a contract for the sale of real property may be granted, a plaintiff must demonstrate that it substantially performed its contractual obligations and that it is ready, willing, and able to satisfy those obligations not yet performed'" (Chemtob v Il Padrone Constr. II, LLC, 149 AD3d 900, 902, quoting Johnson v Phelan, 281 AD2d 394, 395; see Liberty Equity Restoration Corp. v Maeng-Soon Yun, 160 AD3d 623). Here, the defendant established that the plaintiff only tendered $30,000 of the $125,000 down payment. This default constituted a material breach of the contract preventing the plaintiff from obtaining specific performance (see Chemtob v Il Padrone Constr. II, LLC, 149 AD3d at 902; see also Liberty Equity Restoration Corp. v Maeng-Soon Yun, 160 AD3d 623; Elghanayan v Forest Hills No. 2 Co., 123 AD2d 417). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting those branches of the defendant's motion which were for summary judgment dismissing the complaint and to cancel the notice of pendency.
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court