Matter of Wilson v Incorporated Vil. of Hempstead (2019 NY Slip Op 04956)





Matter of Wilson v Incorporated Vil. of Hempstead


2019 NY Slip Op 04956


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-10012
 (Index No. 2857/16)

[*1]In the Matter of Juanita Wilson, et al., appellants,
v
Incorporated Village of Hempstead, et al., respondents.


Juanita Wilson, Sherry Parker, James Sharpe, and Terry Winston, Hempstead, NY, appellants pro se (one brief filed).
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Kenneth A. Gray and Stephen L. Martir of counsel), for respondents Incorporated Village of Hempstead, Wayne J. Hall, Sr., and Incorporated Village of Hempstead Community Development Agency.
Forchelli Deegan Terrana, LLP, Uniondale, NY (Michael A. Ciaffa and Daniel P. Deegan of counsel), for respondent Renaissance Downtowns UrbanAmerica, LLC.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for a judgment declaring that 14 deeds conveying certain real property from the defendant/respondent Incorporated Village of Hempstead Community Development Agency to the defendant/respondent Renaissance Downtowns UrbanAmerica, LLC, are null and void, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Robert A. Bruno, J.), dated August 15, 2016. The order and judgment, insofar as appealed from, granted the separate motions of the respondent/defendant Renaissance Downtowns UrbanAmerica, LLC, and the respondents/defendants Incorporated Village of Hempstead, Wayne J. Hall, Sr., and Incorporated Village of Hempstead Community Development Agency for summary judgment dismissing the petition/complaint insofar as asserted against each of them and, in effect, for summary judgment declaring that the subject deeds are valid, and declared that the deeds are valid.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents/defendants appearing separately and filing separate briefs.
In February 2012, the defendants/respondents Incorporated Village of Hempstead and Incorporated Village of Hempstead Community Development Agency (hereinafter the CDA) approved a "Master Developer Agreement" providing for the sale of certain municipal property to the defendant/respondent Renaissance Downtowns UrbanAmerica, LLC (hereinafter Renaissance). On a prior appeal, this Court affirmed an order and judgment, inter alia, dismissing a proceeding/action challenging a determination of the Village and the CDA, which approved the Master Developer Agreement, alleging violations of the Open Meetings Law (see Public Officers Law § 100 et seq.) and General Municipal Law § 507(2)(d) (see Matter of Edwards v Incorporated Vil. of Hempstead, 122 AD3d 627). On December 15, 2015, the CDA transferred to Renaissance [*2]title to 14 parcels included in the municipal property set forth in the Master Developer Agreement.
The petitioners/plaintiffs (hereinafter collectively the plaintiffs) commenced this hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for a judgment declaring that the 14 deeds conveying real property from the CDA to Renaissance are null and void. The petition/complaint alleged that title to the 14 parcels should not have been transferred without prior approval by the Village and the CDA, since there had been de facto modifications of the Master Developer Agreement. Renaissance moved, and the Village, the CDA, and the Village's mayor, the defendant/respondent Wayne J. Hall, Sr., separately moved, for summary judgment dismissing the petition/complaint insofar as asserted against each of them and, in effect, for summary judgment declaring that the subject deeds are valid. The defendants/respondents (hereinafter collectively the defendants) contended, among other things, that the plaintiffs lacked standing to commence this proceeding/action, and that the motions should be granted on the merits. In an order and judgment dated August 15, 2016, the Supreme Court, inter alia, granted the defendants' separate summary judgment motions on the merits, without addressing the issue of standing, and declared that the deeds are valid. The plaintiffs appeal.
On a defendant's motion for summary judgment, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law (see LGF Holdings, LLC v Skydel, 139 AD3d 814, 814; Flagstar Bank, FSB v Campbell, 137 AD3d 853, 854). Here, the defendants failed to establish, prima facie, that the plaintiffs lack standing to commence this proceeding/action based upon their status as taxpayers (see General Municipal Law § 51; Matter of Korn v Gulotta, 72 NY2d 363, 371; Grand Realty Co. v City of White Plains, 125 AD2d 639, 640; Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 122 AD3d 688, 690; Aiardo v Town of Greenbush, 64 AD3d 849, 852; Godfrey v Spano, 57 AD3d 941, 942, affd 13 NY3d 358; Phillips v County of Monroe, 49 AD3d 1353, 1353).
However, we agree with the Supreme Court's determination that the defendants established their prima facie entitlement to judgment as a matter of law on the merits by submitting evidence that there had been no modification of the Master Developer Agreement which would require prior approval of the subject conveyances by the Village and the CDA pursuant to the Open Meetings Law (see Public Officers Law § 100 et seq.) and General Municipal Law § 507(2)(d). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court