Long Is. Pine Barrens Socy., Inc. v County of Suffolk (2019 NY Slip Op 05116)





Long Is. Pine Barrens Socy., Inc. v County of Suffolk


2019 NY Slip Op 05116


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-04233
 (Index No. 29066/11)

[*1]Long Island Pine Barrens Society, Inc., et al., appellants,
v
County of Suffolk, et al., respondents.


Gordon & Juengst, P.C., Shoreham, NY (Jennifer A. Juengst and Paul Sabatino II of counsel), for appellants.
Dennis M. Brown, County Attorney, Hauppauge, NY (Leonard G. Kapsalis of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that Resolution 625-2011 of the County Legislature of the County of Suffolk, enacted as Local Law No. 44-2011 of the County of Suffolk, is illegal, null, and void on the ground that it was adopted in the absence of approval pursuant to a public referendum in accordance with the Suffolk County Charter, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated February 18, 2016. The judgment, insofar as appealed from, upon remittitur from this Court by decision and order dated November 12, 2014 (see Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 122 AD3d 688), failed to direct the Suffolk County Executive and the Suffolk County Legislature to take all actions and make all budgetary adjustments as are necessary to transfer $29,409,109 from the Suffolk County General Fund (Fund 001) to the Suffolk County Assessment Stabilization Reserve (Fund 404) and to conform all future Suffolk County operating budgets to article XII of the Suffolk County Charter as adopted via mandatory public referendum.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the issuance of an amended judgment in accordance herewith.
The underlying dispute between the parties is summarized in our decision and order in a prior appeal in this action (see Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 122 AD3d 688). Insofar as is pertinent to this appeal, in an order dated July 19, 2012, the Supreme Court denied the plaintiffs' motion for summary judgment on the complaint and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint on the ground that the plaintiffs lacked standing. The plaintiffs appealed, and in a decision and order dated November 12, 2014 (see id.), this Court reversed the Supreme Court's order, denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint on the ground that the plaintiffs lacked standing, granted the plaintiffs' motion for summary judgment on the complaint, and remitted the matter to the Supreme Court, Suffolk County, "for the entry of a judgment, inter alia, declaring that Resolution 625-2011 of the County Legislature of the County of Suffolk, enacted as Local Law No. 44-2011 of the County of Suffolk, is illegal, null, and void" (id. at 688).
Thereafter, the plaintiffs submitted a proposed judgment to the Supreme Court and the defendants submitted a counter-proposed judgment. On February 18, 2016, the court signed the defendants' counter-proposed judgment. The plaintiffs appeal from so much of the judgment as failed to direct the defendants to take all actions and make all budgetary adjustments as are necessary to transfer $29,409,109 from the Suffolk County General Fund (Fund 001) to the Suffolk County Assessment Stabilization Reserve (Fund 404) and to conform all future Suffolk County Operating Budgets to article XII of the Suffolk County Charter as adopted via mandatory public referendum.
" A trial court, upon remittitur, lacks the power to deviate from the mandate of the higher court"' (Berry v Williams, 106 AD3d 935, 937, quoting Matter of Trager v Kampe, 16 AD3d 426, 427; see Reilly v Achitoff, 160 AD3d 998, 999). "An order or judgment entered by the lower court on a remittitur must conform strictly to the remittitur'" (Matter of Ferrara, 50 AD3d 899, 900, quoting Wiener v Wiener, 10 AD3d 362, 363). Here, the Supreme Court, in signing the counter-proposed judgment, failed to adhere to the terms of this Court's remittitur by, in effect, entering judgment upon only one branch of the plaintiffs' motion for summary judgment when this Court clearly granted, in the language of its decretal paragraph, the entirety of the plaintiffs' motion. While the judgment signed by the Supreme Court properly contained a provision declaring that Resolution 625-2011 of the County Legislature of the County of Suffolk, enacted as Local Law No. 44-2011 of the County of Suffolk, is illegal, null, and void, it should also have contained provisions directing the defendants to take all actions and make all budgetary adjustments as are necessary to transfer $29,409,109 from the Suffolk County General Fund (Fund 001) to the Suffolk County Assessment Stabilization Reserve (Fund 404) and to conform all future Suffolk County Operating Budgets to article XII of the Suffolk County Charter as adopted via mandatory public referendum.
The defendants' remaining contentions are without merit.
SCHEINKMAN, P.J., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court